IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MAXWELL HODGKINS,  19A Arabin Road  Brockley  London SE4 2SD  United Kingdom   STEPHEN DEARTH,  72 Red Willow Crescent  Winnipeg, MB  R2J 4G4  Canada   and   SECOND AMENDMENT FOUNDATION, INC.  12500 N.E. 10th Place  Bellevue, WA 98005   Plaintiffs,   v.   ERIC HOLDER,  Attorney General of the United States  950 Pennsylvania Avenue, N.W.  Washington, D.C. 20530-0001   Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.   COMPLAINT |

**COMPLAINT**

**COME NOW** the Plaintiffs, Maxwell Hodgkins, Stephen Dearth and the Second Amendment Foundation, Inc., by and through undersigned counsel, and complain of the Defendant as follows:

## THE PARTIES

1. Plaintiff Maxwell Hodgkins is a natural born citizen of the United States and a resident of the United Kingdom. Mr. Hodgkins does not currently maintain a residence within the United States.

2. Plaintiff Stephen Dearth is a natural born citizen of the United States and a resident of Canada. Mr. Dearth does not currently maintain a residence within the United States.

3. Plaintiff Second Amendment Foundation, Inc. (hereafter "SAF"), is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

4. Defendant Eric Holder is the Attorney General of the United States, and as such is responsible for executing and administering laws, customs, practices, and policies of the United States. In that capacity, Mr. Holder is presently enforcing the unconstitutional laws, customs, practices and policies complained of in this action.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

7. Plaintiff Hodgkins was born and raised in the United States, where he has many friends and relatives whom he enjoys visiting, and whom he intends to continue visiting on a regular basis.

8. Mr. Hodgkins legally owns firearms securely stored within the United States. He intends to access such firearms for lawful sporting purposes as well as for other purposes, including self-defense, while visiting the United States.

9. Mr. Hodgkins is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to a child or an intimate partner. Mr. Hodgkins holds a valid Arizona permit to publicly carry a handgun, which is recognized in numerous states.

10. Mr. Dearth was born and raised in the United States, where he has many friends and relatives whom he enjoys visiting, and whom he intends to continue visiting on a regular basis.

11. Mr. Dearth intends to purchase firearms within the United States, which he would store securely at his relatives' home in Mount Vernon, Ohio, and which he would access for lawful sporting purposes as well as for other purposes, including self-defense, while visiting the United States.

12. Mr. Dearth is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to a child or an intimate partner.  Mr. Dearth holds a valid Utah permit to publicly carry a handgun, which is recognized in numerous states.

13. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

14. Title 27, CFR 478.11 provides, "An individual resides in a State if he or she is present in a State with the intention of making a home in that State."

15. Title 18, U.S.C. § 922(a)(9) provides: "It shall be unlawful – for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, who does not reside in any State to receive any firearms unless such receipt is for lawful sporting purposes."  A violation of this section is punishable by fine and/or imprisonment of up to five years.  18 U.S.C. § 924(a)(1)(D).  Title 27, CFR 478.29a provides: "No person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, who does not reside in any State shall receive any firearms unless such receipt is for lawful sporting purposes."

16. Title 18, U.S.C. § 922(b)(3), and 27 CFR 478.96, 478.99, bar a firearms dealer from selling firearms to individuals who do not reside within the state in which the dealer's place of business is located. An exception to this prohibition allows a dealer to sell rifles and shotguns

to residents of states where the dealer does not maintain a place of business, as long as the transaction would be legal "in both states," that is, the purchaser's state, and the dealer's state. By operation of this section, otherwise qualified American citizens wishing to buy firearms cannot do so unless they maintain a residence within the United States.

17. All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I – Over-The-Counter," administered under Defendant's authority, in order to purchase a firearm. 27 CFR 478.124. Question 13 on Form 4473 provides, "What is your State of residence (*if any*)? _____"

18. If an American citizen otherwise fully qualified to buy a firearm cannot provide an answer to Question 13 on Form 4473, the transaction must be canceled.

19. Accordingly, American citizens, including Messrs. Hodgkins and Dearth, who are otherwise fully qualified to purchase firearms legally, who may already lawfully possess firearms, and who can lawfully receive firearms (albeit for limited purposes), cannot lawfully purchase new firearms on account of their lack of residence within the United States. Title 28 U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124, as applied to plaintiffs and to similarly situated individuals, are presently causing said individuals injury in that they prevent presently-intended firearms purchases.

20. Mr. Hodgkins reasonably fears arrest, prosecution, incarceration and/or fine if he were to provide false state residence information on a Form 4473 in order to purchase a firearm, and cannot make a retail purchase of a firearm if he truthfully declines to provide a state of residence on a Form 4473.

21.     Mr. Dearth reasonably fears arrest, prosecution, incarceration and/or fine if he were to provide false state residence information on a Form 4473 in order to purchase a firearm, and cannot make a retail purchase of a firearm if he truthfully declines to provide a state of residence on a Form 4473.

22.     Unaware of these laws, Mr. Dearth attempted to buy a firearm within the United States on or about January 28, 2006.  However, he could not provide a response to Question 13 on Form 4473, and advised the dealer that he does not reside in any state.  On account of Mr. Dearth's foreign residence and inability to answer Question 13, the transaction was terminated. Mr. Dearth subsequently spoke with an official at the Federal Bureau of Investigations, who confirmed that Dearth could not adequately complete Form 4473, and could not purchase a firearm on account of his lack of domestic residence.

23.     Mr. Dearth subsequently sought to purchase a firearm within the United States in June, 2007.  Mr. Dearth truthfully advised the seller that he did not reside in any state, and on account of that fact, the transaction could not proceed.

24.     On or about October 1, 2008, Mr. Hodgkins sought to purchase a firearm within the United States.  Mr. Hodgkins truthfully advised the seller that he did not reside in any state, and on account of that fact, the transaction could not proceed.

FIRST CLAIM FOR RELIEF
U.S. CONST., AMEND. II – THE RIGHT TO KEEP AND BEAR ARMS
WITH RESPECT TO 18 U.S.C. § 922(a)(9) AND 27 CFR 478.29a
<u>DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201, 2202</u>

25.     Paragraphs 1 through 24 are incorporated as though fully stated herein.

26. Title 18, U.S.C. § 922(a)(9) and 27 CFR 478.29a , limiting the receipt and use of firearms by otherwise qualified American citizens solely on account of their residence status outside the United States, violate Plaintiffs' rights under the Second Amendment to the United States Constitution.  By maintaining and enforcing these laws, Defendant is violating Plaintiffs' individual rights under the Second Amendment to the United States Constitution.  Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against enforcement of 18 U.S.C. § 922(a)(9) and 27 CFR 478.29a.

SECOND CLAIM FOR RELIEF
U.S. CONST., AMEND. II – THE RIGHT TO KEEP AND BEAR ARMS
WITH RESPECT TO 18 U.S.C. § 922(b)(3), 27 CFR 478.96, 478.99 and 478.124
<u>DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201, 2202</u>

27. Paragraphs 1 through 26 are incorporated as though fully stated herein.

28. Title 18, U.S.C. § 922(b)(3), and 27 CFR 478.96, 478.99 and 478.124, as applied, banning the purchase of firearms by otherwise qualified American citizens solely on account of their residence status outside the United States, violate Plaintiffs' rights under the Second Amendment to the United States Constitution.  By maintaining and enforcing these laws, Defendant is violating Plaintiffs' individual rights under the Second Amendment to the United States Constitution.  Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against enforcement of 18 U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124, to the extent these are applied in such a manner as to forbid American citizens who do not reside in any state from purchasing firearms.

THIRD CLAIM FOR RELIEF
U.S. CONST., AMEND. V – EQUAL PROTECTION
WITH RESPECT TO 18 U.S.C. § 922(a)(9) AND 27 CFR 478.29a
DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202

29.     Paragraphs 1 through 28 are incorporated as though fully stated herein.

30.     Title 18, U.S.C. § 922(a)(9) and 27 CFR 478.29a, banning the receipt of firearms by otherwise qualified American citizens solely on account of their residence status outside the United States, violate Plaintiffs' rights to equal protection of the law under the Fifth Amendment to the United States Constitution.  Plaintiffs are deprived of equal protection: (1) by virtue of the fact they are being discriminated against in their exercise of a constitutional right on account of residence status; (2) by virtue of the fact they are being discriminated against on account of residence status irrespective of whether a constitutional right is at stake; and (3) by virtue of the fact that Section 922(a)(9) and 27 CFR 478.29a allow non-resident Americans to use pre-possessed firearms for all reasons, but forbid the receipt of firearms received after said Americans' relinquishment of domestic residence except for sporting purposes.  By maintaining and enforcing these laws, Defendant is violating Plaintiffs' individual rights under the Fifth Amendment to the United States Constitution.  Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against enforcement of 18 U.S.C. § 922(a)(9) and 27 CFR 478.29a.

FOURTH CLAIM FOR RELIEF
U.S. CONST., AMEND. V – EQUAL PROTECTION
WITH RESPECT TO 18 U.S.C. § 922(b)(3), 27 CFR 478.96, 478.99 and 478.124
DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202

31.     Paragraphs 1 through 30 are incorporated as though fully stated herein.

32.     Title 18, U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124, as applied, banning the purchase of firearms by otherwise qualified American citizens solely on account of

their residence status outside the United States, violate Plaintiffs' rights to equal protection of the law under the Fifth Amendment to the United States Constitution. Plaintiffs are deprived of equal protection: (1) by virtue of the fact they are being discriminated against in their exercise of a constitutional right on account of residence status, and (2) by virtue of the fact they are being discriminated against on account of residence status irrespective of whether a constitutional right is at stake. By maintaining and enforcing this law, Defendant is violating Plaintiffs' individual rights under the Fifth Amendment to the United States Constitution. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against enforcement of 18 U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124, to the extent these are applied in such a manner as to forbid American citizens who do not reside in any state from purchasing firearms.

FIFTH CLAIM FOR RELIEF
U.S. CONST., AMEND. V– RIGHT TO TRAVEL
WITH RESPECT TO 18 U.S.C. § 922(a)(9) and 27 CFR 478.29a
<u>DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202</u>

33. Paragraphs 1 through 32 are incorporated as though fully stated herein.

34. United States citizens enjoy a liberty interest in international travel protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. *See*, *e.g.*, *Kent* v. *Dulles*, 357 U.S. 116 (1958).

35. Title 18, U.S.C. § 922(a)(9) and 27 CFR 478.29a, banning the receipt of firearms, for some purposes, by otherwise qualified American citizens, solely on account of said citizens' residence status outside the United States, violate Plaintiffs' right to international travel under the Fifth Amendment to the United States Constitution, as they burden the exercise of this right with an inability to receive firearms for self-defense and other non-sporting purposes while visiting

the United States.  By maintaining and enforcing these laws, Defendant is violating Plaintiffs' individual rights under the Fifth Amendment to the United States Constitution.  Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against enforcement of 18 U.S.C. § 922(a)(9) and 27 CFR 478.29a.

SIXTH CLAIM FOR RELIEF
U.S. CONST., AMEND. V– RIGHT TO TRAVEL
WITH RESPECT TO 18 U.S.C. § 922(b)(3), 27 CFR 478.96, 478.99 and 478.124
DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202

36. Paragraphs 1 through 35 are incorporated as though fully stated herein.

37. Title 18, U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124, as applied, banning the purchase of firearms by otherwise qualified American citizens solely on account of their residence status outside the United States, violate Plaintiffs' right to international travel under the Fifth Amendment to the United States Constitution, as they burden the exercise of this right with an inability to purchase firearms while visiting the United States.  By maintaining and enforcing these laws, Defendant is violating Plaintiffs' individual rights under the Fifth Amendment to the United States Constitution.  Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against enforcement of 18 U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124, to the extent these are applied in such a manner as to forbid American citizens who do not reside in any state from purchasing firearms.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against defendants as follows:

ON THE FIRST, THIRD, AND FIFTH CLAIMS FOR RELIEF:

1. An order permanently enjoining Defendant, his officers, agents, servants, employees, and all persons in active concert or participation with him who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(a)(9) and 27 CFR 478.29a;.

ON THE SECOND, FOURTH, AND SIXTH CLAIMS FOR RELIEF:

2. An order permanently enjoining Defendant, his officers, agents, servants, employees, and all persons in active concert or participation with him who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124, in such a manner as to forbid American citizens who do not reside in any state from purchasing firearms.

ON ALL CLAIMS FOR RELIEF:

3. Declaratory relief consistent with the injunction;

4. Attorney fees and costs of suit pursuant to 28 U.S.C. § 2412;

5. Ordinary taxable costs of suit; and

6. Any other further relief as the Court deems just and appropriate.

Dated: March 27, 2009

Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By: _____
    Alan Gura

Attorney for Plaintiffs