# EXHIBIT D

Plaintiffs' Notice of Recent Decision, in *Hodgkins v. Gonzales*, Case No. 3:06-CV-2114-B (N.D. Tex.)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAXWELL HODGKINS and SECOND AMENDMENT FOUNDATION, INC., | § § § |
| Plaintiffs, | § CIVIL ACTION NO 3:06-CV-2114-B § |
| v. | § § |
| ALBERTO GONZALES, | § § |
| Defendant. | § § |

PLAINTIFFS' NOTICE OF RECENT DECISION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs Maxwell Hodgkins and the Second Amendment Foundation bring to the Court's attention the recent decision of the United States Court of Appeals for the District of Columbia Circuit in Parker v. District of Columbia, 478 F.3d 370, 2007 U.S. App. LEXIS 5519 (D.C. Cir. March 9, 2007).

Parker reconfirms that the sole purpose of Defendant's motion to transfer is forum-shopping. Contrary to Supreme Court precedent – and unlike all other appellate courts, including the Fifth Circuit – the D.C. Circuit does not ordinarily recognize standing for pre-enforcement challenges under the Declaratory Judgment Act.

In Parker, the D.C. Circuit again affirmed its commitment to circuit precedent regarding standing that it admitted to be in apparent conflict with Supreme Court precedent. The Court held that "[t]he unqualified language" of Babbitt v. United Farm Workers Nat'l Union, 442 U.S. 289 (1979), and the holding of Virginia v. American Booksellers Ass'n, 484 U.S. 383 (1988),

"took a far more relaxed stance on pre-enforcement challenges than [circuit precedent] permit." Parker, at *9. "Nevertheless, until and unless this court en banc overrules [its] precedent," the D.C. Circuit will continue following its own precedent, not that of the Supreme Court. Id.

Parker then found that one of the six plaintiffs had standing based on a permit denial, as opposed to a pre-enforcement challenge. Accordingly, the court held three D.C. Code sections prohibiting the possession of firearms violate the Second Amendment.

Notwithstanding the D.C. Circuit's substantive Second Amendment law, Defendant prefers transferring this case to the District of Columbia because the D.C. Circuit's unique and plainly erroneous standing doctrine would likely cause a non-merits dismissal. Notably Defendant has not challenged Plaintiffs' standing before *this* Court, nor has Defendant raised much of a substantive defense.

| | |
|---|---|
| Dated: April 16, 2007 | Respectfully Submitted, |
| William B. Mateja, Esq. (Texas Bar No. 13185350)<br>Fish & Richardson, P.C.<br>1717 Main Street, Suite 5000<br>Dallas, TX 75201<br>214.747.5070/Fax 214.747.2091 | Alan Gura, Esq.<br>Gura & Possessky, PLLC<br>101 N. Columbus Street, Suite 405<br>Alexandria, VA 22314<br>703.835.9085/Fax 703.997.7665 |
| By:     /s/William B. Mateja<br>       William B. Mateja, Esq. | By:     /s/ Alan Gura<br>       Alan Gura, Esq. |
| | Attorneys for Plaintiffs |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served upon all counsel of record, as identified below, on April 16, 2007:

John R. Coleman
United States Dept. of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 6118
Washington, D.C. 20530


_____/s/Alan Gura_____