IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN DEARTH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION No. 2:06cv1012 |
| | ) | |
| ALBERTO GONZALES, et al. | ) | Judge Frost |
| | ) | Magistrate Judge Abel |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER**

Plaintiffs' opposition to Defendants' motion to dismiss or, in the alternative, transfer fails to provide any basis for maintaining this case in this venue. Plaintiffs' theory of venue, which would allow a declaratory judgment plaintiff to file suit challenging the constitutionality of a federal criminal law in any judicial district in which he alleges a desire to engage in the prohibited activity, has been rejected by every court to consider it, and should be rejected here as well. Furthermore, Plaintiffs do not present a single legitimate reason for the eleventh-hour addition of Defendant Lockhart, essentially conceding that he was added solely for the purpose of manufacturing venue. Indeed, Plaintiffs' opposition brief further confirms that there is no tie between his claims and the US Attorney. Plaintiffs' attempt to create venue in this manner should not be permitted, and this Court should exercise its authority to drop Defendant Lockhart. Finally, Plaintiffs have not rebutted the sound reasons for the permissive transfer of this case to the United States District Court for the District of Columbia, including: (1) protecting the integrity of the venue statute; (2) conserving scarce judicial resources; and (3) relieving the

1

Id. at 266. Donnelly defended its chosen venue as proper under § 1391(e)(2), on the ground that "the impact of any Commission action, for example, a cease and desist order, *will* be felt by Donnelly in Illinois." Id. at 268 (emphasis added). The Seventh Circuit rejected this argument as "a novel extension of the federal venue provisions," id., and it is even less available here, where Plaintiffs are alleging that Congress exceeded its authority in passing the challenged provisions, and that the impact of this allegedly unconstitutional action *may* be felt in the Southern District of Ohio. See also Honeywell, Inc. v. Consumer Prod. Safety Comm'n, 566 F.Supp. 500, 501-02 (D.Minn. 1983) (rejecting attempts by declaratory judgment plaintiffs to base venue on the impact of some future, contingent enforcement of federal law in the chosen venue); Experian Fin. Solutions, Inc. v. F.T.C., Case No. 3:00cv1631-H, 2001 WL 257834, at *3 (N.D.Tex. March 8, 2001) (same).

Because standing and venue are separate inquiries, Plaintiffs' citation to cases related to standing are inapposite.[7] The only "events" relevant to this case occurred in the District of Columbia and in Minnesota. Unwilling to file this lawsuit in either of these jurisdictions, Plaintiffs cite a number of inapposite declaratory judgment cases that stand for the proposition that the government doesn't challenge venue when venue is proper. Some of these cases were brought by plaintiffs who resided in the chosen forum, thereby satisfying venue pursuant to § 1391(e)(3).[8] Presumably for this reason, the government did not challenge venue in any of

---

[7]See, e.g., Medimune, Inc. v. Genetech, Inc., — U.S. —, 127 S.Ct. 764, 767 (2007) (addressing whether "a patent licensee [must] . . . terminate or be in breach of its license agreement before it can seek a declaratory judgment that the underlying patent is invalid, unenforceable, or not infringed"); Bach v. Pataki, 408 F.3d 75, 82-83 (2d Cir. 2005).

[8]See, e.g., Carhart v. Gonzales, 331 F.Supp.2d 805, 814 (D.Neb. 2004) ("Plaintiff LeRoy Carhart, M.D., practices medicine and surgery and performs abortions in Nebraska."), affirmed