No. 07-3594

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

STEPHEN DEARTH, et al.,

Plaintiffs-Appellants,

v.

ALBERTO GONZALES,

Defendant-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

BRIEF FOR APPELLEE

PETER D. KEISLER
Assistant Attorney General

MARK B. STERN
 (202) 514-5089
ISAAC J. LIDSKY
 (202) 514-3180
Attorneys, Appellate Staff
Civil Division, Room 7217
Department of Justice
950 Pennsylvania Ave., N.W.
Washington, D.C.  20530-0001

notwithstanding its conclusion that the interests of justice dictated that the case be heard in one of two other fora. As plaintiffs concede, had the district court transferred their lawsuit, that transfer would not have been appealable to this Court.

Plaintiffs should not be able to manufacture appellate jurisdiction by voluntarily dismissing their action to avoid its transfer. Such a result would run afoul of the "general rule [that] a plaintiff who requests and is granted a voluntary dismissal without prejudice cannot appeal that dismissal, because it is not an involuntary adverse judgment." Duffy v. Ford Motor Co., 218 F.3d 623 (6th Cir. 2000).

2. In any event, the district court did not abuse its discretion when it concluded pursuant to 28 U.S.C. § 1404(a) that the interests of justice dictated that either of two other fora would be a more appropriate venue for plaintiffs' action. As the court explained, the only relevant evidence plaintiffs submitted to establish venue concerned plaintiff Dearth's failed endeavor to purchase a weapon in Minnesota. Such evidence did not logically give rise to venue in the Southern District of Ohio.

As the court reasoned, plaintiffs' allegations pertaining to the attempted Minnesota purchase made Minnesota an appropriate forum choice. Similarly, venue in the District of Columbia would have been "an obvious choice" because plaintiffs are challenging

-12-

Indeed, as the district court stressed, "[t]he evidence [p]laintiffs . . . submitted in support of venue involved a single event that occurred in Minnesota." Id. at 4; see also id. at 4 (stressing that Dearth "admit[ted] that he has not tried to purchase a firearm in Ohio, but instead unsuccessfully tried to purchase a firearm in Minnesota").

On the other hand, as the court explained, "[t]he evidence [p]laintiffs have submitted * * * does not logically give rise to [p]laintiffs' claims in the Southern District." Id. at 4. Although plaintiffs sought to recharacterize their suit as a pre-enforcement challenge based on plaintiff Dearth's apprehensions in Ohio, the only district in which plaintiff Dearth allegedly endeavored to buy a handgun was in Minnesota. The witnesses pertinent to this allegation, including the merchants who allegedly refused to sell plaintiff a firearm because of the challenged provisions of federal law, are located in Minnesota.

2.  Because plaintiffs "have filed this case in part to have the Sixth Circuit reconsider its [Second Amendment] 'collective right' precedent," Pls. Br. at 48, they selected a forum with no relation to the events alleged in the original complaint and sought to manufacture venue in the Southern District of Ohio by improperly joining a federal officer in Ohio.  "'The venue statute was not intended to permit forum-shopping, by suing a