No. 07-10981

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

MAXWELL HODGKINS, et al.,

Plaintiffs-Appellants,

v.

MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL,

Defendant-Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

BRIEF FOR APPELLEE

JEFFREY S. BUCHOLTZ
  Acting Assistant Attorney General

MARK B. STERN
  (202) 514-5089
ISAAC J. LIDSKY
  (202) 514-3180
  Attorneys, Appellate Staff
  Civil Division, Room 7217
  Department of Justice
  950 Pennsylvania Avenue, N.W.
  Washington, D.C. 20530-0001

Article III's standing requirement embodies a minimal constitutional threshold for the exercise of judicial authority. Federal venue statutes, by contrast, codify Congress' judgments about *where* justiciable disputes should be litigated. Cf. <u>Newpark Shipbuilding & Repair, Inc.</u> v. <u>Roundtree</u>, 723 F.2d 399, *403 (5th Cir. 1984) ("While 'ripeness' is primarily concerned with preventing judicial review of hypothetical or abstract problems that may not come to pass, . . . the finality requirement seeks mainly to ensure that the parties have exhausted all avenues of administrative relief before resorting to appellate judicial review.").

Plaintiffs "confuse[] these separate concepts." <u>Janis</u> v. <u>Ashcroft</u>, 348 F.3d 491, 493 (6th Cir. 2003). Venue is not necessarily proper in a given court simply because the court could constitutionally consider the matter. And Congress is not obliged to provide for venue in every court that has the power under Article III to hear a dispute. Venue under § 1391(e)(2) does not "logically follow[]" if a plaintiff can demonstrate standing to bring a pre-enforcement challenge, as, in plaintiffs' words, "[v]enue and jurisdiction are plainly different concepts." Pls. br. 10, 14.

Plaintiffs state that "[i]f the venue question turns entirely on Hodgkins testing 18 U.S.C. § 922(b)(3) within the Northern District of Texas, that deficiency could be cured upon his next visit there." Pls. br. at 16 n.7. They are correct.

Plaintiffs' suit has been dismissed without prejudice. If plaintiffs wish to invoke § 1391(e)(2), plaintiff Hodgkins may complete an application to purchase a weapon upon his next visit to "his native Dallas, Texas area, within the Northern District of Texas," where he "intends to continue visiting on a regular basis." Pls. br. at 6.

3. Plaintiffs incorrectly state that "[h]ad Hodgkins engaged in his intended conduct as described in the Complaint, he would have been criminally prosecuted within the Northern District of Texas." Pls. br. at 14. Hodgkins incurs no liability for "partially fill[ing] out a Form 4473 [application]." Pls. br. at 15. Moreover, § 1391(e)(1) and (3) remain bases for establishing venue in the absence of "substantial . . . events or omissions" implicating a defendant's conduct. As explained above, plaintiffs might properly invoke venue in Washington State or Washington, D.C.

Plaintiffs state that "as the District of Columbia comprises a very small fraction of the nation's land mass and population, it is readily obvious that most pre-enforcement challenges to federal laws are brought somewhere else." Pls. br. at 17. Plaintiffs' point is obscure. Venue in the District of Columbia is not exclusive; plaintiffs simply fail to establish venue in Texas. Plaintiffs' suggestion that "the Second Circuit's decision in Bach v. Pataki, 408 F.3d 75 (2d Cir. 2005) is directly on-point" is difficult to fathom in light of their