# EXHIBIT A

*Hodgkins v. Gonzales*, Case No. 3:06-cv-2114-B (N.D. Tex. Aug. 15, 2007)

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MAXWELL HODGKINS, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:06-CV-2114-B |
| § | |
| ALBERTO GONZALES, § | |
| Attorney General for the United States, § | |
| § | |
| Defendant. § | |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Dismiss or, in the Alternative, Transfer (doc. 10). For the following reasons, the Court **GRANTS** Defendants Motion to Dismiss and **DISMISSES** this case **without prejudice** pursuant to 28 U.S.C. § 1406(a).

### I. Background

Plaintiffs Maxwell Hodgkins ("Hodgkins") and Second Amendment Foundation, Inc. ("SAF") bring this action against Defendant Alberto Gonzales ("Gonzales"), as Attorney General for the United States, challenging the constitutionality of various subsections of 18 U.S.C. § 922 and related regulations pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

SAF is a non-profit membership organization incorporated and with its principal place of business in Washington and brings this action on behalf of itself and its unspecified members. (Compl. at ¶ 2). Although Hodgkins was born and raised in Dallas, Texas, and regularly visits Dallas, Hodgkins currently resides in the United Kingdom and does not maintain a residence in the United States. (Compl. at ¶¶ 1, 6). Plaintiffs allege that Hodgkins owns firearms "stored within the

United States," and "would like to access such firearms, as well as acquire new ones, for lawful sporting purposes as well as for self-defense, collecting, and civic purposes, while visiting his friends and family in Texas." (Compl. at ¶ 7). Plaintiffs filed their Complaint on November 15, 2006.

Gonzales filed the present Motion to Dismiss or, in the Alternative, Transfer on January 16, 2007, arguing that venue is improper because Gonzales does not reside in this district, a substantial part of the events giving rise to Plaintiffs' claims did not occur in this district, Plaintiffs do not reside in this district, and the District of Columbia is a more appropriate forum. Plaintiffs respond that the events and omissions giving rise to their claims arose in this district and the Northern District of Texas is the appropriate venue. Having reviewed the parties arguments, the Court now turns to the merits of its decision.

## II. Analysis

Pursuant to 28 U.S.C. § 1406(a), a district court may dismiss an action for improper venue or, if in the interest of justice, transfer the case "to any district or division in which it could have been brought." As Defendant Gonzales has raised a proper objection to venue, Plaintiffs bear the burden of establishing that venue in the Northern District of Texas is appropriate.[1] *See Seariver Maritime Fin. Holdings, Inc. v. Pena*, 952 F.Supp. 455, 462 (S.D. Tex. 1996). Plaintiffs argue that venue is proper under under 28 U.S.C. § 1391(e). (Compl. at ¶ 2; Pl. Resp. at 1, 4). 28 U.S.C. § 1391(e) provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority . . . may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the

---

[1] Some courts have held that defendants bear the burden of establishing venue is improper. *Seariver Maritime Fin. Holdings, Inc.*, 952 F.Supp. at 458 n.2. Even if the burden was on Gonzales, based on the information before the Court, the Court would find that venue is improper.

subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

Specifically, Plaintiffs argue that venue is proper under 28 U.S.C. § 1391(e)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

Although Plaintiffs do not specifically argue that venue is proper under any other part of 28 U.S.C. § 1391(e), Gonzales contends that no other part of the statute applies because neither SAF, Hodgkins, nor Gonzales reside in the Northern District of Texas and no property is the subject of this action. The Court agrees.

Gonzales argues that he is a resident of the District of Columbia for venue purposes while Plaintiff states that Gonzales resides in Virginia. (Def. Br. at 6; Pl. Resp. at 17, n. 6). Under either scenario, Gonzales does not reside in the Northern District of Texas for venue purposes. Although Plaintiffs state that they are "constrained to note that Mr. Gonzales is a leading citizen of Texas" and "might even claim Texas domiciliary for income tax purposes," Plaintiffs do not argue or provide evidence that Gonzales resides specifically in the Northern District of Texas. (*See* Pl. Resp. at 17 n.6). Plaintiffs acknowledge that they do not reside in the Northern District of Texas. (Pl. Resp. at 6).

As grounds for venue, Plaintiffs argue that a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas because, in essence, Hodgkins "would like to access [his] firearms, as well as acquire new ones" when he visits friends and family in Texas and if Hodgkins were to do so "he would be arrested and prosecuted in Dallas." (Pl. Resp. at 2, 11; Compl. at ¶ 7, 12). Hodgkins argues that such acts or omissions are sufficient in the context of a pre-enforcement challenge under 28 U.S.C. § 2201. (Pl. Resp. at 6-12). Plaintiffs' arguments are

unpersuasive.

"Because the Federal Declaratory Judgment Act makes no provision as to the venue of an action in which declaratory relief is sought, the venue of such actions is controlled by the federal statutes relating to venue." *Dearth v. Gonzales*, 2007 WL 1100426, at *4 (S.D. Ohio 2007) (citing *Barber-Greene Co. v. Blaw-Knox Co.*, 239 F.2d 774, 776 (6th Cir. 1957). Although Plaintiffs cite cases involving standing issues, Section 1391(e) makes no mention of standing and those cases are not on point for considering venue in this case. *See Seariver Maritime Fin. Holdings, Inc.*, 952 F.Supp. at 460. The relevant issue here is where "a substantial part of the events or omissions giving rise to the claim **occurred**." *Rogers v. Civil Air Patrol*, 129 F.Supp.2d 1334, 1339 (M.D. Ala. 2001) (quoting 28 U.S.C. § 1391(e)(2)). Allegations that acts or omissions will occur at a later date are insufficient to support venue under Section 1391(e)(2). *Id.*

Here, Plaintiffs allege that Hodgkins "would like to" access and acquire firearms when he visits Texas and fear that Hodgkins, and others similarly situated, would be arrested and prosecuted for doing so. (Compl. at ¶ 7, 12). There are no allegations supporting that a substantial part of the events or omissions giving rise to the claim have occurred in this district, but only of events or omissions that may occur at some future point in time. As Plaintiffs have not established that a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of Texas and no other grounds for venue exist, the Court finds that the Northern District of Texas is an improper venue. *See Dearth*, 2007 WL 1100426, at *4 (mere allegations that plaintiff is complying with an unconstitutional law for fear of prosecution are insufficient to support venue where nothing occurred in the judicial district); *Rogers v. Civil Air Patrol*, 129 F.Supp.2d at 1339 ("performance at a later date in this judicial district cannot support venue under section 1391(e)(2)").

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED** and this matter is **DISMISSED without prejudice** for refiling in an appropriate venue.[2]

SO ORDERED.

SIGNED August 15th, 2007

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Plaintiffs request dismissal rather than transfer. (Pl. Resp. at 25 n.10).