# EXHIBIT B

Defendants' Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss or, in the Alternative, Transfer, in *Dearth v. Gonzales*, Case No. 2:06-cv-1012 (S.D. Ohio)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN DEARTH, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION No. 2:06cv1012 |
| | ) | |
| ALBERTO GONZALES, et al. | ) | Judge Frost |
| | ) | Magistrate Judge Abel |
| Defendants. | ) | |
| ————————————————— | ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, TRANSFER

Plaintiffs' opposition to Defendants' motion to dismiss or, in the alternative, transfer fails to provide any basis for maintaining this case in this venue. Plaintiffs' theory of venue, which would allow a declaratory judgment plaintiff to file suit challenging the constitutionality of a federal criminal law in any judicial district in which he alleges a desire to engage in the prohibited activity, has been rejected by every court to consider it, and should be rejected here as well. Furthermore, Plaintiffs do not present a single legitimate reason for the eleventh-hour addition of Defendant Lockhart, essentially conceding that he was added solely for the purpose of manufacturing venue. Indeed, Plaintiffs' opposition brief further confirms that there is no tie between his claims and the US Attorney. Plaintiffs' attempt to create venue in this manner should not be permitted, and this Court should exercise its authority to drop Defendant Lockhart. Finally, Plaintiffs have not rebutted the sound reasons for the permissive transfer of this case to the United States District Court for the District of Columbia, including: (1) protecting the integrity of the venue statute; (2) conserving scarce judicial resources; and (3) relieving the

1

parties of unnecessary expense.  Accordingly, Defendants' motion to dismiss or, in the alternative, transfer should be granted.

## ARGUMENT

### I.  THE SOUTHERN DISTRICT OF OHIO IS AN IMPROPER VENUE

The relevant venue statute, 28 U.S.C. § 1391(e), does not provide "nationwide venue" in suits against federal officials as Plaintiffs wishfully assert,[1] but permits such suits to be filed—

> in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the proper that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).  As the Supreme Court has stressed, "[t]he requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interests of some overriding policy, is to be given a 'liberal' construction."  Olberding v. Ill. Cent. R.R. Co., 346 U.S. 338, 340 (1953); see also Leroy v. Great W. United Corp., 443 U.S. 173, 184 n. 18 (1979) (quoting Olberding).  Furthermore, because venue is challenged as improper under Rule 12(b)(3), Plaintiffs have the burden to establish that venue in this district is proper.[2]  Finally,

---

[1]Contrary to plaintiff's assertion, the Supreme Court's decision in Stafford v. Briggs, 444 U.S. 530 (1980), does not hold that "nationwide venue exists 'for the convenience of individual plaintiffs'" in suits against federal officers.  Pl. Opp. at 7 (quoting Stafford, 444 U.S. at 542).  In fact, the Supreme Court's decision held only that § 1391(e) did not apply to actions for money damages brought against officers or employees of the federal government.  Id. at 779-85.

[2]See Centerville ALF, Inc. v. Balanced Care Corp., 197 F.Supp.2d 1039, 1046 (S.D.Ohio 2002) ("Plaintiffs bear the burden of establishing that venue is proper once an objection to venue has been raised, and must demonstrate that venue is proper for each claim asserted in their complaint."); see also Charles Alan Wright, et al, Federal Practice and Procedure § 3826 at 259 ("'the better view,' and the position that probably represents the weight of judicial authority, is that, when an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue.").

venue and subject matter jurisdiction are separate inquiries, and the Court need not establish its subject matter jurisdiction before deciding to transfer a case to an appropriate venue. See Reuben H. Donnelly v. F.T.C., 580 F.2d 264, 266 (7th Cir. 1978) (addressing the "threshold question" of venue before considering whether plaintiffs had exhausted their administrative remedies, a question of subject matter jurisdiction); cf. Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.,---S.Ct.---, 2007 WL 632763, at *10 (March 5, 2007) (district court may dismiss a case on *forum non conveniens* grounds before establishing its jurisdiction).

Plaintiffs have failed to satisfy their burden of demonstrating proper venue, and this case should be dismissed pursuant to Rule 12(b)(3), Fed.R.Civ.P. and 28 U.S.C. § 1406(a), or transferred to the United States District Court for the District of Columbia pursuant to § 1406(a).

**A.      The Events Giving Rise to this Claim Did Not Occur in this District**

In a suit against a federal official acting in his official capacity venue is proper in a "judicial district in which . . . (2) a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(e)(2). Plaintiffs, unable to identify a single "event" alleged by the amended complaint to have occurred in this district that could give rise to Plaintiffs' claims, attempt to confuse this relatively straightforward inquiry by conflating issues related to Article III standing with the distinct issue of venue. Such attempts have been rejected by other courts and should be rejected here as well.

1.      None of the Events Giving Rise to Plaintiffs' Claims Occurred in this District

In their opposition brief, Plaintiffs contend that "[t]he fact is that this claim is arising somewhere." Pl. Opp. at 9. Indeed, the First Amended Complaint ("FAC") identifies two "events" that have "occurred" that could be said to "give rise to" plaintiffs' claims, but neither of

these "events" occurred within this district. First, the passage of the challenged statutes and the promulgation of the challenged regulations in the District of Columbia comprise a "substantial part of the events . . . giving rise" to Plaintiffs' claims. See Rogers v. Civil Air Patrol, 129 F.Supp.2d 1334, 1339 (M.D.Ala. 2001) ("Plaintiff's suit is a challenge to federal legislation drafted by Congress and signed by the President in the District of Columbia . . . [and therefore] virtually all of the activity giving rise to Plaintiff's claims took place in or around the District of Columbia."); Seariver Mar. Fin. Holdings, Inc. v. Pena, 952 F.Supp. 455, 462 (S.D.Tex. 1996) ("the District of Columbia would appear to be an obvious choice [of venue] in light of Plaintiff's challenge to the constitutionality of federal legislation."). Therefore, the United States District Court for the District of Columbia is an appropriate venue.[3]

Second, the FAC alleges that "Mr. Dearth attempted to buy a firearm within the United States on or about January 28, 2006." FAC at ¶ 17. Although not mentioned in the First Amended Complaint, Plaintiffs now reveal in their opposition brief that Plaintiff Dearth's failed attempt to purchase a firearm occurred "at a sporting goods store in Minnesota." Pl. Opp. at 14 n.3. But, Plaintiffs did not file their complaint in the United States District Court for the District of Minnesota.[4]

By contrast, Plaintiffs cannot point to a single "event" that has even arguably "occurred" in the Southern District of Ohio giving rise to their claims. Plaintiff Dearth's asserted desire "to

---

[3]The District of Columbia is also appropriate because it is where Defendant Gonzales, acting in his official capacity, resides. 28 U.S.C. § 1391(e)(1).

[4]It is also worth noting that—assuming *arguendo* Plaintiff SAF has standing— Plaintiffs could have brought this action in the United States District Court for the Eastern District of Washington, where Plaintiff SAF is incorporated and therefore resides. See 28 U.S.C. § 1391(e)(3).

4

purchase firearms within the United States," FAC ¶ 8, is not an "event," has not "occurred," and is not limited to this "judicial district." 28 U.S.C. § 1391(e)(2). As the district court in <u>Rogers</u> noted, "Allegations that [a challenged statute] will require performance at a later date in this judicial district cannot support venue under section 1391(e)(2). That section provides for venue where a 'substantial part of the events or omissions giving rise to the claim **occurred.**'" <u>Rogers</u>, 129 F.Supp.2d at 1339 (quoting 28 U.S.C. § 1391(e)(2)) (emphasis in original). Thus, the district court concluded, an "event [that] succeeded the filing of the Complaint . . . could not logically have given rise to Plaintiff's claims." <u>Id.</u> This common sense reading of the venue statute is reinforced by the decisions of other courts to consider the issue. <u>See</u> <u>Reuben H. Donnelly Corp. v. F.T.C.</u>, 580 F.2d 264, 268 (7th Cir. 1978) (future impact of challenged federal law in judicial district not sufficient basis for venue); <u>Seariver</u>, 952 F.Supp at 459 (same); <u>Experian Information Solutions, Inc. v. F.T.C.</u>, Case No. 3:00cv1631-H, 2001 WL 257834, at *3 (N.D.Tex. March 8, 2001) (same); <u>Honeywell v. Consumer Product Safety Commission</u>, 566 F.Supp. 500, 501, 502 (D.Minn. 1983) (same).

Likewise, the allegation that "Mr. Dearth would have purchased firearms in Ohio, but has refrained from doing so," FAC ¶ 18; <u>see also</u> FAC ¶ 13, which were inserted into the Amended Complaint after Plaintiffs were aware of the imminent challenge to venue, is not specifically alleged to have occurred in this district (as opposed to the Northern District of Ohio), nor, for the reasons addressed more fully below, can Mr. Dearth's asserted inhibition in Ohio be considered a "substantial part of the events" giving rise to his claim.

    2.    <u>Standing and Proper Venue Are Independent Requirements</u>

Unable to point to a single event alleged in the complaint that has occurred in the

Southern District of Ohio, Plaintiffs argue, without any support, that Plaintiff Dearth's alleged inhibition in the State of Ohio is an "event" giving rise to Plaintiffs' claims because it comprises Dearth's "injury" for Article III standing purposes.[5] While it is not hard to imagine an "event" occurring in a judicial district that would both permit laying venue in that district and comprise a plaintiff's "injury" for standing purposes—a car accident, an assault, breach of a contract—plaintiff has not cited a single decision in which the inchoate threat of "injury" that sometimes allows declaratory judgment plaintiffs to challenge a federal statute is also an "event" sufficient to satisfy the venue provision. Indeed, this argument has been routinely rejected by those courts to consider it.

Thus, for example, in <u>Seariver Mar. Fin. Holdings, Inc. v. Pena</u>, 952 F.Supp. 455 (S.D.Tex. 1996), plaintiffs, the owners of the vessel formerly known as the Exxon Valdez, brought suit in the Southern District of Texas seeking a declaratory judgment that a provision of the Oil Pollution Act that prohibited the vessel from operating on Prince William Sound, Alaska violated the constitution. <u>Id.</u> at 456. In response to the government's motion to dismiss for improper venue or to transfer the case to Alaska, plaintiffs argued "that the effects of [the challenged provision] . . . are felt in Houston, and that these local effects give rise to venue." <u>Id.</u> at 459. The district court rejected this argument: "The 'effects' to which Plaintiffs refer are the injury resulting from [the challenged provision], rather than an 'event giving rise to a claim' that could properly lay venue." <u>Id.</u>

---

[5]Defendants dispute that this asserted inhibition would be sufficient "injury" for Article III purposes. <u>See</u> <u>Nat'l Rifle Ass'n v. Magaw</u>, 132 F.3d 272, 293 (6th Cir. 1997) (holding that allegations that individual plaintiffs "'desire' and 'wish' to engage in certain activities possibly prohibited by the federal gun laws, but are 'restrained' and 'inhibited' from doing so" are not sufficient to confer Article III standing).

Plaintiffs' present argument is similar to the Seariver plaintiffs' unsuccessful argument rejected by the district court in Seariver. The Seariver plaintiffs' argument proceeded, in part, as follows:

> [S]tanding principles, therefore, must guide the determination of venue. If the right to bring a constitutional declaratory judgment action depends on whether there is a "danger" of suffering "direct injury" as a result of a statute's "operation," then venue is logically found where that injury has already occurred and is occurring.

Id. (quoting Plaintiffs' Response at 9). After acknowledging that "a realistic danger of direct injury can confer standing on a party," the district court nevertheless held that "Plaintiffs' arguments as to standing are not probative on the venue issue." Id. at 459-60. The requirement of standing is separate and in addition to the requirement of proper venue, and therefore even "[i]f Plaintiffs' claims raise a genuine issue of standing, the question must be addressed by a court with proper venue." Id. Thus, notwithstanding the alleged "injury" felt by the Seariver plaintiffs —tangible economic injury—the district court held that "a 'substantial part of the events or omissions giving rise to the claim' did not occur in this judicial district, and that Section 1391(e)(2) does not provide a basis for venue here." Id. at 461. Accordingly, the district court dismissed the action for improper venue.[6]

Likewise, in Reuben H. Donnelly Corp. v. F.T.C., 580 F.2d 264 (7th Cir. 1978), plaintiff Donnelly brought suit in the Northern District of Illinois seeking a declaratory judgment that the Federal Trade Commission lacked jurisdiction over its publication of the *Official Airline Guide*.

---

[6]To avoid Alaska jurisdiction, the Seariver plaintiffs re-filed their action in the United States District Court for the District of Columbia. The D.C. district court subsequently granted the government's motion, under 28 U.S.C. § 1404(a), to transfer the case to Alaska. See Seariver Mar. Fin. Holdings, Inc. v. Pena, Case No. 96-02142 (D.D.C. Jan. 29, 1997) (attached as Exhibit A).

Id. at 266.  Donnelly defended its chosen venue as proper under § 1391(e)(2), on the ground that "the impact of any Commission action, for example, a cease and desist order, *will* be felt by Donnelly in Illinois."  Id. at 268 (emphasis added).  The Seventh Circuit rejected this argument as "a novel extension of the federal venue provisions," id., and it is even less available here, where Plaintiffs are alleging that Congress exceeded its authority in passing the challenged provisions, and that the impact of this allegedly unconstitutional action *may* be felt in the Southern District of Ohio.  See also Honeywell, Inc. v. Consumer Prod. Safety Comm'n, 566 F.Supp. 500, 501-02 (D.Minn. 1983) (rejecting attempts by declaratory judgment plaintiffs to base venue on the impact of some future, contingent enforcement of federal law in the chosen venue); Experian Fin. Solutions, Inc. v. F.T.C., Case No. 3:00cv1631-H, 2001 WL 257834, at *3 (N.D.Tex. March 8, 2001) (same).

Because standing and venue are separate inquiries, Plaintiffs' citation to cases related to standing are inapposite.[7]  The only "events" relevant to this case occurred in the District of Columbia and in Minnesota.  Unwilling to file this lawsuit in either of these jurisdictions, Plaintiffs cite a number of inapposite declaratory judgment cases that stand for the proposition that the government doesn't challenge venue when venue is proper.  Some of these cases were brought by plaintiffs who resided in the chosen forum, thereby satisfying venue pursuant to § 1391(e)(3).[8]  Presumably for this reason, the government did not challenge venue in any of

---

[7] See, e.g., Medimune, Inc. v. Genetech, Inc., — U.S. — , 127 S.Ct. 764, 767 (2007) (addressing whether "a patent licensee [must] . . . terminate or be in breach of its license agreement before it can seek a declaratory judgment that the underlying patent is invalid, unenforceable, or not infringed"); Bach v. Pataki, 408 F.3d 75, 82-83 (2d Cir. 2005).

[8] See, e.g., Carhart v. Gonzales, 331 F.Supp.2d 805, 814 (D.Neb. 2004) ("Plaintiff LeRoy Carhart, M.D., practices medicine and surgery and performs abortions in Nebraska."), affirmed

these cases, and no court addressed whether the "injury" suffered by pre-enforcement

declaratory judgment plaintiffs could satisfy § 1391(e)(2).   Likewise, the declaratory judgment

cases cited by plaintiffs that based venue on § 1391(e)(2) all involved the occurrence of actual

"events" in the chosen forum.[9]  By contrast, Plaintiffs are not residents of the district in which

they seek to bring this declaratory judgment, nor can they point to any actual events that have

occurred in this district.  Plaintiffs' citation to cases in which venue is proper merely highlights

the impropriety of Plaintiffs' chosen forum.

        Finally, common sense supports granting Defendants' motion.  Plaintiffs' interpretation

of § 1391(e)(2), if accepted, would completely undermine the venue provision by allowing

declaratory judgment plaintiffs to bring suit in any judicial district simply by pausing in the

jurisdiction (presumably moments before filing their complaint) to feel inhibited by an allegedly

unconstitutional federal law.  This interpretation "raises the real possibility of test cases being

brought, far from the site of actual controversy, in districts whose judges have acquired a

reputation for sympathy for the particular cause being urged in the complaint."  <u>Kings County

Econ. Cmty. Dev. Ass'n v. Hardin</u>, 333 F.Supp. 1302, 1304 (N.D.Cal. 1971).  Furthermore,

Plaintiffs' interpretation would render superfluous the other provisions of § 1391(e), a result

---

413 F.3d 791 (8th Cir. 2005) <u>cert.</u> <u>granted</u> 126 S.Ct. 1314 (2006); <u>Planned Parenthood Fed'n of
Am. v. Gonzales</u>, 320 F.Supp.2d 957 (N.D.Cal. 2004) (Plaintiff Planned Parenthood Golden
Gate resides in district) <u>affirmed</u> 435 F.3d 1163 (9th Cir.) <u>cert.</u> <u>granted</u> 126 S.Ct. 2901 (2006);
<u>Nat'l Abortion Fed'n v. Gonzales</u>, 330 F.Supp.2d 436, 459 (S.D.N.Y. 2004) (plaintiff Westhoff
resides in district) <u>affirmed</u> 437 F.3d 278 (2nd Cir. 2006); <u>Ashcroft v. Free Speech Coalition</u>,
535 U.S. 234, 243 (2002) (plaintiffs reside in California).

        [9]<u>See</u> <u>Andraje v. Chojnacki</u>, 934 F.Supp. 817, 826 (S.D.Tex. 1996) (fifty-one day siege
and physical attacks in district); <u>Mansfield v. Orr</u>, 544 F.Supp. 118, 120 (D.Md. 1982) (breach of
contract in district); <u>Patmore v. Carlson</u>, 392 F.Supp. 737, 738-39 (E.D.Ill. 1975) (assault with
club in district).

certainly not intended by the provision's drafters.  See TRW Inc. v. Andrews, 534 U.S. 19, 31

(2001) ("It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the

whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be

superfluous, void, or insignificant.'") (quoting Duncan v. Walker, 533 U.S. 167, 174 (2001)).

Accordingly, Plaintiff's expansive interpretation of the word "event" in § 1391(e)(2) must be

rejected.[10]

## B.    Plaintiff's Attempt to Cure Obvious Deficiencies in Venue by Adding Defendant Lockhart Should Not Succeed

This Court should also reject Plaintiffs' transparent attempt to manufacture venue by

naming the local United States Attorney, Gregory G. Lockhart, as an additional defendant.  It is

telling that Plaintiffs' opposition brief did not attempt to refute the fact that Defendant Lockhart

was added for the sole purpose of manufacturing venue.  See Pl. Opp. at 15-19.  Instead,

Plaintiffs claim that naming Defendant Lockhart is "well-within Plaintiffs' rights" and a "a time-

honored, ordinary practice."  Pl. Opp. at 15.  In fact, naming Defendant Lockhart is not "well-

within Plaintiffs' rights."[11]  Furthermore, the three cases cited by Plaintiffs, the most recent of

---

[10]Even if the Court disagrees, and thinks that Plaintiff's alleged inhibition is an "event," it
is nonetheless certainly not a "substantial part of the events" giving rise to Plaintiffs' claims.
See  Seariver Mar. Fin. Holdings, Inc. v. Pena, 952 F.Supp 455, 460 (S.D.Tex. 1996) ("Events
that have only a tangential connection with the dispute at bar are not sufficient to lay venue.")
(citing Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994)).

[11]See Keller v. University of Michigan, 411 F.Supp. 1055, 1057 (E.D.Mich. 1974)
("[T]he proper procedure to add parties [before a responsive pleading is served] would still have
been to request leave of this Court pursuant to Rule 21."); Int'l Bro. of Teamsters v. American
Fed. of Labor, 32 F.R.D. 441, 442 (E.D.Mich. 1963) ("[W]hen a proposed amendment to a
complaint seeks to effect a change in the parties to the action, Rule 21, F.R.Civ.P., controls and,
to that extent, limits Rule 15(a), F.R.Civ.P."); see also Williams v. United States Postal Service,
873 F.2d 1069, 1072 n.2 (7th Cir. 1989) ("[A] plaintiff cannot add new defendants through a
complaint amended as a matter of course.") (citing La Batt v. Twomey, 513 F.2d 641, 650 n.9

10

which was decided in 1934, hardly demonstrate the ordinary practice of naming the local United

States Attorney in challenges to federal legislation.[12]  Rather, as illustrated in Defendants'

opening brief, naming the local United States Attorney in declaratory judgment actions

challenging federal gun laws is *not* the ordinary practice, presumably because doing so is

completely unnecessary.[13]  Indeed, Plaintiffs admit that naming Defendant Lockhart is "not

---

(7th Cir. 1975)).

[12]Pl. Opp. at 16 (citing Nolan v. Morgan, 69 F.2d 471, 472 (7th Cir. 1934); Tedrow v. A.T. Lewis & Son Dry Goods Co., 255 U.S. 98, 99 (1921); G.S. Willard Co. v. Palmer, 255 U.S. 106, 107 (1921)).

[13]See e.g., Printz v. United States, 521 U.S. 898 (1997) (consolidated cases challenging constitutionality of interim provisions of the Brady Handgun Violence Prevention Act and naming the United States as the lone defendant); Seegars v. Gonzales, 396 F.3d 1248 (D.C.Cir. 2005) (challenging constitutionality of District of Columbia's firearm statutes and naming the Mayor of Washington, D.C. and the Attorney General as defendants), cert. denied 126 S.Ct. 1187 (2006); Navegar v. United States, 103 F.3d 994 (D.C.Cir. 1997) (challenging the constitutionality of the Violent Crime Control & Law Enforcement Act of 1994 and naming only the United States as defendant); Nat'l Rifle Ass'n v. Magaw, 132 F.3d 272 (6th Cir. 1997) (challenging the constitutionality of the Violent Crime Control & Law Enforcement Act of 1994 and naming the Director of the ATF, and the United States as defendants); San Diego County Gun Rights Comm. v. Reno, 98 F.3d 1121 (9th Cir. 1996) (challenging the constitutionality of the Violent Crime Control and Law Enforcement Act of 1994 and naming the Attorney General and the acting Director of the ATF as defendants); Westfall v Miller, 77 F.3d 868 (5th Cir. 1996) (challenging gun control regulation and naming Chief of the National Firearms Act Branch and United States as defendants); State of Wyoming v. United States, Case No. 06cv0111 J (D.Wyo.) (challenging constitutionality of ATF interpretation of "expungement" for purposes of gun control laws and naming the United States, the ATF, the Director of the ATF, and the Chief of the Firearms Division of the ATF as defendants); Grand Lodge of the Fraternal Order of Police v. Ashcroft, 185 F.Supp.2d 9 (D.D.C. 2001) (challenging the constitutionality of the Violent Crime Control and Law Enforcement Act of 1994 and naming the Attorney General and the United States as defendants); Doe v. Bureau of Alcohol, Case No. 3:94cv1699, 1997 WL 852086 (D.Conn. Sept. 12, 1997) (challenging constitutionality of ATF regulations and naming ATF and Bridgeport, Ct. Chief of Police as defendants); Romero v. United States, 883 F.Supp. 1076 (W.D.La. 1994) (challenging the constitutionality of the interim provisions of the Brady Handgun Violence Prevention Act and naming the United States as the lone defendant); Century Arms, Inc. v. Kennedy, 323 F.Supp. 1002 (D.Vt. 1971) (challenging the constitutionality of the Gun Control Act of 1968 and naming Secretary of the Treasury).

11

strictly required," Pl. Opp. at 15, virtually conceding that the sole reason for doing so was to attempt to manufacture venue.

In the end, this Court need not resolve whether Plaintiffs have a legal right to name the United States Attorney or establish the (in)frequency of such a practice. This Court has the authority to prevent Plaintiffs' attempt to manufacture venue by dropping Defendant Lockhart "*of its own initiative* at any stage of the action and on such terms as are just." Rule 21, Fed.R.Civ.P. (emphasis added). The decision to drop Defendant Lockhart is firmly committed to this Court's discretion. See Sutherland v. Michigan Dept. of Treasury, 344 F.3d 603, 612 (6th Cir. 2003) ("This Court reviews a decision to drop a misjoined party pursuant to Rule 21 for abuse of discretion.") (citing Letherer v. Alger Group, L.L.C., 328 F.3d 262, 266 (6th Cir. 2003)).

As Defendants argued in their opening memorandum, and as Plaintiff concedes, adding Defendant Lockhart is completely unnecessary. See 28 U.S.C. §§ 516, 519; United States v. Di Girlomo, 393 F.Supp. 997, 1005 (D.Mo.) ("Congress has clearly vested the Attorney General with the raw power to supersede the functions of the local United States Attorneys, and subjected them to his supervision."), aff'd 520 F.2d 372 (8th Cir. 1975); Pl. Opp. at 15. Plaintiffs' attempts to argue that Defendant Lockhart should nevertheless remain as a defendant are unconvincing. Plaintiffs state that "to the extent the controversy stems from Plaintiffs' present disability to obtain firearms in the Southern District of Ohio, *as exemplified by Plaintiff Dearth's thwarted attempt to purchase a firearm*, the person most directly responsible for that disability is Defendant Lockhart." Pl. Opp. at 18 (emphasis added). It is unclear, however, why "Plaintiff Dearth's thwarted attempt to purchase a firearm" in *Minnesota,* Pl. Opp. at 18, 14 n.3,

12

exemplifies the need to name Defendant Lockhart, as opposed to the United States Attorney for the District of Minnesota. Nor do Plaintiffs explain why naming Defendant Gonzales alone is not sufficient to rectify Plaintiffs' "present disability to obtain firearms" in the Southern District of Ohio or any other district. The answer, of course, is that the only reason for adding Defendant Lockhart is to manufacture venue.

The only remaining question is whether dropping Defendant Lockhart is "just." Rule 21, Fed.R.Civ.P. "Rule 21 gives district courts the power to dismiss improperly named defendants to prevent the manipulation of the venue provisions of the Judicial Code in an attempt to defeat the ends of justice." Liberty Mutual Ins. Co. v. Batteast, 113 F.R.D. 77, 81 (N.D.Ill. 1986) (dropping defendants "named . . . solely in an attempt to prevent a transfer of venue to another more appropriate jurisdiction."). More specifically, district courts have taken a dim view of attempts to manufacture venue under § 1391(e) by naming as defendants unnecessary subordinate officers. See Hartke v. F.A.A., 369 F.Supp. 741, 746 (E.D.N.Y. 1973) ("The venue statute was not intended to permit forum-shopping, by suing a federal official wherever he could be found, or permitting test cases far from the site of the actual controversy."); Kings County Econ. Cmty. Dev. Ass'n v. Hardin, 333 F.Supp. 1302, 1304 (N.D.Cal. 1971) (refusing to allow manipulation of venue statute by the addition of unnecessary defendants).

Plaintiffs do not even attempt to address the district court's holding in Batteast, and make only half-hearted and ultimately unsuccessful attempts to distinguish the other cases cited in Defendants' opening brief. For example, the concern expressed by the district court in Kings County, in addressing plaintiffs' theory of venue in that case, is equally if not more applicable to the facts of this case. The district court worried that, given the ubiquitous presence of the federal

13

government, plaintiffs' theory of venue, if accepted, would allow declaratory judgment plaintiffs to sue "*in any district in the United States* [by naming] as 'a defendant' a subordinate departmental official residing there." Kings County, 333 F.Supp. at 1304. This is precisely what Plaintiffs here are attempting to do, and the consequences of allowing this ploy to succeed are the same: (1) it would undermine the "general rule that venue is confined to districts with the real parties in interest or the subject matter of the action;" (2) it would render the other subsections of § 1391(e) superfluous "since subsection (1) would, without these other provisions, allow suit in nearly any district chosen by plaintiffs;" and (3) "it allows the most obvious kind of forum shopping . . . ." Id.

Similarly, plaintiffs do not successfully dispute the relevance of the district court's decision in Hartke v. FAA, 369 F.Supp. 741 (E.D.N.Y. 1973), in which the district court found, as Plaintiffs characterize it, "improper venue under section 1391(e) where events complained of by plaintiff occurred in another district and local subordinate FAA officials in New York had no relation to events there." Pl. Opp. at 17 (citing Hartke v. FAA, 369 F.Supp. 741 (E.D.N.Y.)). Defendant Lockhart has no relation to the only "events" complained of by Plaintiffs in this case: the passage of laws and promulgation of regulations in Washington, D.C. and Plaintiff Dearth's unsuccessful attempt to purchase a firearm in Minnesota.

Accordingly, this Court should not permit Plaintiffs' attempt to create venue where none exists by naming an unnecessary defendant, but should exercise its authority to drop Defendant Lockhart pursuant to Rule 21, Fed.R.Civ.P, and dismiss or transfer this case pursuant to 28 U.S.C. § 1406(a).

14

## II.   THIS CASE SHOULD BE TRANSFERRED TO CONSERVE JUDICIAL RESOURCES AND TO PROTECT THE INTEGRITY OF THE VENUE STATUTE

Plaintiffs' brief in opposition fails to provide a persuasive reason to defer to Plaintiffs' choice of forum, and similarly fails to persuasively counter the three primary reasons for the permissive transfer of this case to the United States District Court for the District of Columbia: (1) protecting the integrity of the venue statute; (2) conserving scarce judicial resources; and (3) relieving the parties of unnecessary expense.  Accordingly, even if venue is found to be technically proper, this case should be transferred pursuant to 28 U.S.C. § 1404(a).

### A.   Plaintiffs' Choice of Forum is Entitled to No Deference

As an initial matter, Plaintiffs fail to dispute the well-established rule that a non-resident plaintiff's decision to sue outside its home forum is accorded little deference, or the equally well-established rule that a plaintiff's choice of forum is accorded less deference when, as here, the operative facts occurred outside the chosen forum.[14]  Nor do Plaintiffs contest the proposition,

---

[14]See, e.g., Ray Mart, Inc. v. Stock Building Supply of Texas, LP, 435 F.Supp.2d 578, 594 (E.D.Tex.2006) ("Plaintiffs' choice of forum is accorded less weight when most of the operative facts occurred outside the district.") (internal citations omitted); Salinas v. O'Reilly Automotive, Inc., 358 F.Supp.2d 569, 571 (N.D.Tex. 2005) ("plaintiff's choice of forum is accorded less weight, however, when the plaintiff sues outside its home district and where most of the operative facts occurred outside the district.") (citing Isbell v. DM Records, Inc., 2004 WL 1243153, at *13 (N.D.Tex. June 4, 2004)); Indian Harbor Ins. Co. v. Factory Mut. Ins. Co., 419 F.Supp.2d 395, 405 (S.D.N.Y. 2005) ("plaintiffs' chosen forum carries less weight when no party resides in the forum nor is it the locus of operative facts.") (citing cases); Spherion Corp. v. Cincinnati Financial Corp.,183 F.Supp.2d 1052, 1058 (N.D.Ill. 2002) ("plaintiff's choice of forum is important, but this factor is given less weight 'when the plaintiff is a non-resident of the chosen forum,' or 'where the cause of action did not conclusively arise in the chosen forum.'") (quoting Countryman v. Stein Roe & Farnham, 681 F.Supp. 479, 482-83 (N.D.Ill.1987)); Cochran v. NYP Holdings, Inc., 58 F.Supp.2d 1113, 1119 (C.D.Cal. 1998) ("plaintiff's choice of forum is ordinarily given great deference, unless plaintiff is a non-resident or the forum lacks any real contacts with the action.") aff'd 210 F.3d 1036 (9th Cir. 2000); In re Eastern Dist. Repetitive Stress Injury Litigation, 850 F.Supp. 188, 194 (E.D.N.Y. 1994) (plaintiff's choice of

announced in <u>Dupre v. Spanier Mariner Corp.</u>, 810 F.Supp. 823 (S.D.Tex. 1993), that a district

court should be "loathe to respect those choices [of forum] that appear to be blatant attempts at

forum shopping with little or no factual justification."[15]

In the instant case, Plaintiffs have filed this lawsuit in a venue in which none of the

parties reside and where nothing related to the case has occurred.  Plaintiffs do not attempt to

conceal their motivation for doing so, but state candidly that they have chosen this forum

because they are "interested in asking the Sixth Circuit to revisit some of its Second Amendment

precedent, although existing Sixth Circuit precedent strongly backs their equal protection claim."

Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss or, in the Alternative,

Transfer at 3 n.1, <u>Hodgkins v. Gonzales</u>, Case No. 3:06cv2114-B (N.D.Tex.) (Docket #12)

(attached as Exhibit A to Plaintiffs' brief in opposition to the instant motion).  <u>See</u> <u>also</u> Pl. Opp.

at 24 ("Plaintiffs have filed this case in part to have the Sixth Circuit reconsider its 'collective

right' precedent.").  Plaintiffs' forum choices, in both this case and in the related case pending in

the Northern District of Texas, are not related to the underlying facts or to the location of the

parties, but are simply calculated to take advantage of what Plaintiffs view as favorable circuit

---

forum entitled to less deference when it has no connection to the events giving rise to the claim).
<u>See also</u> 15 Wright, Miller & Cooper, <u>Federal Practice and Procedure</u> § 3848 (3d ed. 2007)
("Also, as the many illustrative cases cited in the note below demonstrate, the plaintiff's venue
choice is to be given less weight if he or she selects a district court with no obvious connection
to the case or the plaintiff is a nonresident of the chosen forum or neither element points to that
court.") (citing cases).

[15]<u>Id.</u> at 828; <u>see also</u> <u>Carolina Cas. Co. v. Data Broadcasting Corp.</u>, 158 F.Supp.2d 1044,
1048 (N.D.Cal. 2001) ("If there is any indication that plaintiff's choice of forum is the result of
forum shopping, plaintiff's choice will be accorded little deference."); 15 Wright, Miller &
Cooper, <u>Federal Practice and Procedure</u> § 3848 (3d ed. 2007) ("courts give less weight to a
plaintiff's forum choice if that party appears to be forum shopping").

precedent (or to avoid unfavorable circuit precedent). Accordingly, Plaintiffs' choice of forum "is entitled to no weight whatever [because] it appears that the plaintiff was forum shopping and . . . the selected forum has little or no connection with the parties or the subject matter." Polaroid Corp. v. Casselman, 213 F.Supp. 379, 383 (S.D.N.Y. 1962).

Rather than address this precedent, all of which concerned motions to transfer among the federal courts pursuant to 28 U.S.C. § 1404(a), Plaintiffs engage in a misleading and ultimately fruitless analysis of Supreme Court and Sixth Circuit *forum non conveniens* cases. Puzzlingly, Plaintiffs first claim that the law of *forum non conveniens* is "inapposite," but then proceed to rely on two *forum non conveniens* cases to support their asserted entitlement to deference. Pl. Opp. at 19-20 (citing Piper Aircraft v. Reyno, 454 U.S. 235 (1981); Duha v. Agrium, 448 F.3d 867 (6th Cir. 2006)). Defendants' single "see also" citation to the Supreme Court's decision in Piper Aircraft v. Reyno, 454 U.S. 234 (1981), was not intended to suggest that the law governing deference to a plaintiff's choice of forum in *forum non conveniens* cases should apply, but merely to illustrate by analogy that the common sense reasons for deferring to a plaintiff's choice of forum do not apply when a plaintiff sues outside of his or her home forum. As the Supreme Court stated in Piper, "a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum" because "when the home forum has been chosen, it is reasonable to assume that this choice is convenient" Id. at 255-56. Of course, the Southern District of Ohio is neither Plaintiff's "home forum" and therefore "this assumption is much less reasonable." Id. at 256.[16] Plaintiffs are right, however, to suggest that "[t]he *forum non*

---

[16]The Supreme Court's statement that "Citizens or residents deserve somewhat more deference than foreign plaintiffs," Id. at 256 n.23, was simply intended to distinguish foreign plaintiffs from people who reside in this country, (i.e., citizens or legal residents) and, as the

*conveniens* doctrine is quite different from Section 1404(a)." Norwood v. Kirkpatrick, 349 U.S. 29, 31 (1955). Indeed, as it relates to the deference owed to a plaintiff's choice of forum, the Supreme Court has made clear that far less deference is owed to a plaintiff's choice of forum in the context of a motion to transfer pursuant to § 1404(a), than in the context of a motion to dismiss pursuant to the doctrine of *forum non conveniens.* See Norwood, 349 U.S. at 32. Accordingly, Plaintiffs' arguments for why their choice of forum is entitled to deference fail, and their choice of forum is entitled to no deference.

**B.      Transfer to the United States District Court for the District of Columbia Promotes Judicial Efficiency, Protects the Integrity of the Venue Statute, and Saves Money**

For the reasons stated in Defendants' opening brief, transferring this case to the United States District Court for the District of Columbia serves the "interest of justice" and furthers the "convenience of the parties." 28 U.S.C. § 1404(a). Plaintiffs' arguments to the contrary are unpersuasive.

First, Defendants argued in their opening brief that the "interests of justice" are served by preventing Plaintiffs from forum shopping by bringing suit in a district in which none of the parties reside and none of the relevant events occurred, and then, on the eve of Defendant Gonzales's motion to dismiss or transfer for improper venue, naming an unnecessary defendant in a transparent attempt to manufacture venue. Def. Mem. at 14-17. Plaintiffs do not dispute that forum shopping is a relevant consideration for Courts considering a motion to transfer, but argue that their actions in this case are contemplated by the venue statute "as understood by the Supreme Court." Pl. Opp. at 22 (citing Stafford v. Briggs, 444 U.S. 527 (1980)). This argument

---

cases cited *supra* demonstrate, does not alter the conclusion that a plaintiff's choice of forum is entitled to less deference when the plaintiff sues outside the district in which he resides.

18

is patently absurd.  See Stafford, 444 U.S. at 545 ("We think these laws ought to be construed in

the spirit in which they were made—that is, as founded in justice—and should not be strained by

technical constructions. . . .") (quoting Brown v. Duchesne, 19 How. 183, 197 (1856)); see also

Leroy v. Great Western United Corp., 443 U.S. 173, 186-87 (1979) (rejecting a broad

interpretation of the venue statute because it would "leave the venue decision entirely in the

hands of plaintiffs").

     Second, Defendants argued that transfer to the United States District Court for the

District of Columbia would serve the "interests of justice" because it would allow consolidation

of this case with the virtually identical case pending in the Northern District of Texas.  Def.

Mem. at 17-18.  As the Supreme Court has clearly stated: "To permit a situation in which two

cases involving precisely the same issues are simultaneously pending in different District Courts

leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."

Ferens v. John Deere Co., 494 U.S. 516, 531 (1990) (quoting Continental Grain Co. v. The

FBL-585, 364 U.S. 19, 26 (1960)).  In response to this clear command, Plaintiffs argue that the

sound reasons of judicial efficiency supporting transfer in order to consolidate related cases

should be limited to cases founded on diversity jurisdiction, lest Plaintiffs be forced to litigate

their claims in a forum with less favorable law than the improper or inconvenient fora in which

they brought suit.  Pl. Opp. at 22-23.  This argument has no basis in the law and has been

expressly rejected by the Supreme Court.  See Abbott Laboratories v. Gardner, 387 U.S. 136,

155 (1967) ("The venue transfer provision, 28 U.S.C. s 1404(a), may be invoked by the

Government to consolidate separate actions."), overruled on other grounds, Califano v. Sanders,

430 U.S. 99 (1977); cf. 28 U.S.C. § 1407; In Re NSA Telecoms. Records Litig., 444 F.Supp.2d

19

1332 (J.P.M.L. 2006).

Finally, Defendants argued that litigation of this case in the District of Columbia, where counsel reside, would save the parties and therefore the public the expense of flying counsel to Ohio and might also significantly reduce costs through consolidation of the related cases. Def. Mem. at 18-19. In response, Plaintiffs first argue contrary to fact that Plaintiff Dearth, who lives in Winnipeg, Manitoba, Canada, "is located a short drive from this judicial forum." Pl. Opp. at 21.[17] Then Plaintiffs argue that it is "not even apparent that anyone would be required to physically appear before the Court." Pl. Opp. at 22. This argument ignores the significant likelihood that, should this case proceed in this district, the parties will present oral argument to the Court on their dispositive cross-motions, Local Rule 7.1 (S.D.Ohio), or the possibility that this case will be argued at the appellate level. But, Plaintiffs' chief argument is that no forum is too inconvenient for the government, and that the government therefore cannot utilize the transfer mechanism of § 1404(a). As noted *supra*, this argument was flatly rejected by the Supreme Court. Abbott Laboratories, 387 U.S. at 155. Accordingly, both the interests of justice and the convenience of the parties support transfer of this case to the United States District Court for the District of Columbia.

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests this Court to

---

[17]This Court may take judicial notice of the fact that Winnipeg is located approximately 1,242 miles from Columbus, decidedly not a short drive. See http://www.google.com/maps ?hl=en&q=may&near=Winnipeg,+MB,+Canada&sa=X&oi=local&ct=image. (estimating driving time at approximately nineteen hours).

grant Defendants' motion to dismiss or, in the alternative, to transfer.


Dated: March 19, 2007                              Respectfully submitted,

                                                   PETER D. KEISLER
                                                   Assistant Attorney General

                                                   GREGORY G. LOCKHART
                                                   United States Attorney

                                                   MARK T. D'ALESSANDRO
                                                   Deputy Civil Chief

                                                   SANDRA M. SCHRAIBMAN
                                                   Assistant Branch Director

                                                   ____ s/ John R. Coleman _____
                                                   JOHN R. COLEMAN, VSB #70908
                                                   Trial Attorney

                                                   United States Department of Justice
                                                   Civil Division, Federal Programs Branch
                                                   20 Massachusetts Ave., N.W., Room 6118
                                                   Washington, D.C. 20530
                                                   Tel: (202) 514-4505
                                                   Fax: (202) 616-8187
                                                   john.coleman3@usdoj.gov

                                                   *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify pursuant to Local Rule 5.2(b), that on March 19, 2007, I electronically

submitted the foregoing document with the clerk of the court for the U.S. District Court,

Southern District of Ohio, using the electronic case files system of the court. The electronic case

files system sent a "Notice of Electronic Filing" to the following individuals who have consented

in writing to accept this Notice as service of this document by electronic means:

|  |  |
|---|---|
| Ryan D. Walters | Alan Gura |
| Squire, Sanders & Dempsey LLP | Gura & Possessky |
| 312 Walnut Street | 101 N. Columbus St. |
| Suite 3500 | Suite 405 |
| Cincinnati, OH 45202 | Alexandria, VA 22314 |
| rwalters@ssd.com | alan@gurapossessky.com |

s/ John R. Coleman