IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAXWELL HODGKINS, et al., ) | Case No. 09-CV-0587-JR |
| ) | |
| Plaintiffs, ) | CITATION TO NEWLY-DECIDED |
| ) | CONTROLLING AUTHORITY |
| v. ) | |
| ) | |
| ERIC HOLDER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

CITATION TO NEWLY-DECIDED CONTROLLING AUTHORITY

Plaintiffs call the Court's attention to the D.C. Circuit's recent published opinion in *Ord* v. *District of Columbia*, No. 08-7094 (Dec. 4, 2009), attached hereto as Exhibit A.

In *Ord*, the appellate panel unanimously concluded that a Virginia law enforcement officer has standing to challenge the District of Columbia's application of its gun laws to him as pre-empted by the Law Enforcement Officers' Safety Act, 18 U.S.C. 926A. The District Court had concluded that the officer's pre-enforcement challenge lacked standing because the District government had withdrawn its arrest warrant for the plaintiff, but the D.C. Circuit reversed, holding that while the plaintiff's prosecution may not be imminent, the pre-enforcement injury remains "imminent" because the plaintiff is refraining from potentially lawful conduct:

> [I]mminence is not defeated simply because the plaintiff complies with the challenged statute . . . Ord's injury stems from his inability to travel to D.C. and carry on his security business here while armed without fear of prosecution. That injury is imminent because the District of Columbia has made clear its specific intention to prosecute him.

*Ord*, Slip. Op. at 11-12.

In a separate opinion concurring and dissenting in part, Judge Brown called upon the D.C. Circuit to rehear the case *en banc* and overrule *Navegar, Inc.* v. *United States*, 103 F.3d 994

(D.C. Cir. 1997). Judge Brown's opinion demonstrates, as have Plaintiffs, that *Navegar* contradicts binding Supreme Court precedent.

As Plaintiffs in this case have been administratively denied permission to acquire firearms, they have standing to pursue their action regardless of *Navegar*'s continuing viability or the precise requirements of standing in a pure pre-enforcement context. However, to the extent that Plaintiffs' case is one of pre-enforcement, the panel opinion in *Ord* demonstrates a shift or at least clarification that *Navegar*'s imminence requirement is to be applied to the injury – not to the potential prosecution.

Dated: December 14, 2009

Respectfully submitted,

Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

By: /s/Alan Gura
Alan Gura

Attorney for Plaintiffs