APPEAL, CLOSED, TYPE−L

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: 1:09−cv−00587−JR
### *Internal Use Only*

| | |
|---|---|
| HODGKINS et al v. HOLDER | Date Filed: 03/27/2009 |
| Assigned to: Judge James Robertson | Date Terminated: 01/05/2010 |
| Cause: 28:1331 Federal Question: Other Civil Rights | Jury Demand: None |
| | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**MAXWELL HODGKINS**      represented by    **Alan Gura**
GURA &POSSESSKY, PLLC
101 North Columbus Street
Suite 405
Alexandria, VA 22314
(703) 835−9085
Fax: (703) 997−7665
Email: alan@gurapossessky.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**STEPHEN DEARTH**      represented by    **Alan Gura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**SECOND AMENDMENT FOUNDATION, INC.**      represented by    **Alan Gura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**ERIC HOLDER**      represented by    **John R. Coleman**
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 6118
Washington, DC 20530
(202) 514−4505
Email: john.coleman3@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 03/27/2009 | 1 | | COMPLAINT against ERIC HOLDER ( Filing fee $ 350, receipt number 4616019393) filed by MAXWELL HODGKINS, STEPHEN DEARTH, SECOND AMENDMENT FOUNDATION, INC.. (Attachments: #1 Civil Cover Sheet)(rdj) (Entered: 03/30/2009) |
| 03/27/2009 | | | SUMMONS (2) Issued as to ERIC HOLDER and U.S. Attorney. (rdj) (Entered: 03/30/2009) |
| 03/27/2009 | 2 | | NOTICE OF RELATED CASE by MAXWELL HODGKINS, STEPHEN DEARTH. Case related to U.S. District Court/SD Ohio 06−2012, United States Court of Appeals, 6th Cir. 07−3594, U.S. District Court/ND Texas 3:06−2114, United States Court of Appeals, 5th Cir. 07−10981Case related to (rdj) (Entered: 03/30/2009) |
| 03/27/2009 | 3 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by SECOND AMENDMENT FOUNDATION, INC. (rdj) (Entered: 03/30/2009) |
| 05/13/2009 | 4 | | Unopposed MOTION for Extension of Time to File Answer by ERIC HOLDER (Attachments: #1 Text of Proposed Order)(Coleman, John) (Entered: 05/13/2009) |
| 05/22/2009 | | | MINUTE ORDER granting defendant's unopposed motion for extension of time 4 to June 26, 2009. Signed by Judge James Robertson on May 22, 2009. (MT) (Entered: 05/22/2009) |
| 06/26/2009 | 5 | | MOTION to Dismiss for Lack of Jurisdiction by ERIC HOLDER (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D)(Coleman, John) (Entered: 06/26/2009) |
| 07/10/2009 | 6 | | Memorandum in opposition to re 5 MOTION to Dismiss for Lack of Jurisdiction filed by MAXWELL HODGKINS, STEPHEN DEARTH, SECOND AMENDMENT FOUNDATION, INC.. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Text of Proposed Order)(Gura, Alan) (Entered: 07/10/2009) |
| 07/20/2009 | 7 | | REPLY to opposition to motion re 5 MOTION to Dismiss for Lack of Jurisdiction filed by ERIC HOLDER. (Attachments: #1 Exhibit A, #2 Exhibit B, #3 Exhibit C, #4 Exhibit D)(Coleman, John) (Entered: 07/20/2009) |
| 12/14/2009 | 8 | | NOTICE OF SUPPLEMENTAL AUTHORITY by STEPHEN DEARTH, MAXWELL HODGKINS, SECOND AMENDMENT FOUNDATION, INC. (Attachments: #1 Exhibit A)(Gura, Alan) (Entered: 12/14/2009) |
| 12/20/2009 | 9 | | RESPONSE re 8 NOTICE OF SUPPLEMENTAL AUTHORITY filed by ERIC HOLDER. (Coleman, John) (Entered: 12/20/2009) |
| 01/05/2010 | 10 | 6 | MEMORANDUM. Signed by Judge James Robertson on January 5, 2010. (MT) (Entered: 01/05/2010) |
| 01/05/2010 | 11 | 5 | ORDER granting defendant's motion to dismiss 5 . Signed by Judge James Robertson on January 5, 2010. (MT) (Entered: 01/05/2010) |
| 03/03/2010 | 12 | 4 | |

|  |  |  | NOTICE OF APPEAL as to 10 Memorandum &Opinion, 11 Order on Motion to Dismiss/Lack of Jurisdiction by STEPHEN DEARTH, MAXWELL HODGKINS, SECOND AMENDMENT FOUNDATION, INC.. Filing fee $ 455, receipt number 0090−2112142. Fee Status: Fee Paid. Parties have been notified. (Gura, Alan) (Entered: 03/03/2010) |
|---|---|---|---|

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MAXWELL HODGKINS, ) <br> STEPHEN DEARTH, and SECOND ) <br> AMENDMENT FOUNDATION, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ERIC HOLDER, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 08-CV-0587-JR <br><br> **NOTICE OF APPEAL** |

## NOTICE OF APPEAL

NOTICE IS HEREBY GIVEN that Plaintiffs Maxwell Hodgkins, Stephen Dearth and the Second Amendment Foundation, Inc. hereby appeal to the United States Court of Appeals for the District of Columbia Circuit the final order of the District Court of January 5, 2010, granting Defendant Eric Holder's motion to dismiss the Complaint (Docket No. 11).

Dated: March 3, 2010                Respectfully submitted,

                                                         Alan Gura (D.C. Bar No. 453449)
                                                         Gura & Possessky, PLLC
                                                         101 N. Columbus Street, Suite 405
                                                         Alexandria, VA 22314
                                                         703.835.9085/Fax 703.997.7665

                                         By: /s/Alan Gura_____
                                                         Alan Gura

                                                          Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
MAXWELL HODGKINS, et al.,         :
                                  :
        Plaintiffs,               :
                                  :
    v.                            : Civil Action No. 09-0587 (JR)
                                  :
ERIC HOLDER, Attorney General of  :
the United States,                :
                                  :
        Defendant.                :
```

**ORDER**

Upon consideration of the defendant's motion to dismiss [Dkt. # 5], the plaintiffs' response thereto [Dkt. #6], and the defendant's reply [Dkt. #7], and for the reasons stated in the accompanying memorandum, it is **ORDERED** that defendant's motion to dismiss is **GRANTED**.

                              JAMES ROBERTSON
                              United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
MAXWELL HODGKINS, et al.,         :
                                  :
        Plaintiffs,               :
                                  :
   v.                             :  Civil Action No. 09-0587 (JR)
                                  :
ERIC HOLDER, Attorney General of  :
the United States,                :
                                  :
        Defendant.                :
```

**MEMORANDUM**

Plaintiffs Maxwell Hodgkins, Stephen Dearth, and the Second Amendment Foundation, Inc. ("SAF"), present constitutional challenges to certain federal gun control restrictions. The government moves to dismiss, arguing, correctly, that the plaintiffs lack standing.

**Background**

With exceptions not relevant here, federal law does not allow any person "who does not reside in any State to receive any firearms unless such receipt is for lawful sporting purposes." 18 U.S.C. § 922(a)(9). A complementary provision prohibits the transfer of firearms to any person "who the transferor knows or has reasonable cause to believe does not reside in . . . the State in which the transferor resides." Id. § 922(a)(5). To facilitate enforcement of these provisions, a prospective firearm purchaser must complete and give to the seller ATF Form 4473, which asks the purchaser to list his or her state of residence, if any. See 27 C.F.R. § 478.124(c)(1).

Plaintiff SAF is a non-profit organization of gunmen. See Compl. ¶ 3. Plaintiffs Maxwell Hodgkins and Stephen Dearth are United States citizens residing abroad with no domestic residence. See id. at ¶¶ 1-2. Both occasionally visit friends and family in the United States and intend to continue visiting this country. See id. at ¶¶ 7, 10. Both hold valid state permits to carry handguns. See id. at ¶¶ 9, 12. Hodgkins attempted to purchase a firearm within the United States in October 2008, but he was refused when he told the seller that he resided abroad. See id. at ¶ 24. Similarly, Dearth attempted to purchase firearms in the United States twice, but each time the sale was refused when he admitted to residing abroad. See id. at ¶¶ 22-23. Dearth alleges that he intends to return to the United States to buy firearms, which he would store at the home of relatives in Ohio. See id. at ¶ 11.

## Analysis

To have standing pursuant to Article III of the Constitution, plaintiffs must demonstrate, inter alia, "an injury in fact -- an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted). Plaintiffs seek relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201. To establish a right to proceed

under the Declaratory Judgment Act, plaintiffs must demonstrate "a case of actual controversy." Id.

### A. Standing of Hodgkins and Dearth

#### 1. Based solely upon refusal to sell

Plaintiffs Hodgkins and Dearth contend that their failed attempts to purchase firearms confer standing. However, unlike many causes of action, the Declaratory Judgment Act does not authorize remedies for past injuries alone. Under the Declaratory Judgment Act, a constitutional question "must be presented in the context of a specific live grievance." Golden v. Zwickler, 394 U.S. 103, 110 (1969); see also Steffel v. Thompson, 415 U.S. 452, 459 (1974) (requiring "the *continuing* existence of a live and acute controversy") (emphasis in original). Thus, a plaintiff's prior arrest could not support a declaratory judgment action where the plaintiff could not show that the arrestable offense was likely to reoccur. See Golden, 394 U.S. at 108-10 (plaintiff's concern lacked the "immediacy and reality" necessary to support a Declaratory Judgment Act action).

Past events can be relevant to a determination of whether a plaintiff's fear of future prosecution is "imaginary or speculative" or whether it is "immedia[te] and real[]," Steffel, 415 U.S. at 459-60, but past refusals of merchants to sell firearms to Hodgkins and Dearth are not enough, without more, to

- 3 -

provide the basis for an action pursuant to the Declaratory Judgment Act.[1]

### 2. Preenforcement standing

If Hodgkins and Dearth have standing, then, it must be based on the threat of future enforcement. See Seegars v. Ashcroft, 396 F.3d 1248, 1251 (D.C. Cir. 2005) ("No plaintiff in this case has been arrested and prosecuted for violating the disputed provisions of the Code, so plaintiffs' case constitutes a 'preenforcement' challenge."). Hodgkins has not alleged any intention to acquire firearms in the United States in the future, so he cannot establish an imminent future injury. Dearth does allege that he intends to return to the United States to purchase firearms, but, as will be explained, that allegation is not enough to overcome the preenforcement standing requirements established by the D.C. Circuit in the Navegar line of cases.

Navegar, Inc. v. United States, 103 F.3d 994 (D.C. Cir. 1997), held that gun manufacturers had standing to seek a declaratory judgment against enforcement of the Violent Crime Control & Law Enforcement Act of 1994 where the law, by naming

---

[1] Some courts have characterized the Declaratory Judgment Act's "actual controversy" requirement as being identical with Article III standing. See, e.g., Cutaiar v. Marshall, 590 F.2d 523, 527 (3d Cir. 1979); see also Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240 (1937) ("The word 'actual' [in the Declaratory Judgment Act] is one of emphasis rather than of definition."). However, this is not strictly correct; while Article III supports actions based solely on actual past injuries, Steffel and Golden show that the Declaratory Judgment Act does not.

specific brands and models of firearms, "in effect single[d] out the [plaintiffs] as its intended targets." See id. at 999-1001. The manufacturers did not have standing to challenge certain other provisions of the Act, however, because of the absence of "any special priority placed upon preventing these parties from engaging in specified conduct." Id. at 1001-02.

The Court of Appeals has since explained Navegar's "special priority" language, holding that preenforcement standing will exist only when a plaintiff has been "personally threatened with prosecution or . . . his prosecution has [a] special priority for the government." Seegars, 396 F.3d at 1251. Seegars questions whether Navegar's stringency was consistent with Supreme Court precedent and precedent from other circuits, see id. at 1253-54, but nonetheless "faithfully appl[ied]" its holding to bar preenforcement challenges to several District of Columbia gun control laws. Id. at 1254-56. In Parker v. District of Columbia, 478 F.3d 370 (D.C. Cir. 2007), the court again questioned whether its standing precedent was consistent with earlier Supreme Court decisions, but reiterated that it "must be faithful to Seegars [and] Navegar." Id. at 375. The court then held that all plaintiffs whose challenges presented

- 5 -

only preenforcement issues lacked standing because they had not been singled out for prosecution.[2] See id.

Like the D.C. Circuit itself, plaintiffs have criticized the Navegar line of cases as improperly stringent in comparison with other authority. See Pl. Resp. at 14-22. That criticism is especially apt in this case. Domestic firearm merchants are legally obligated to refuse sale to citizens who reside abroad. Because sales will be refused, would-be purchasers will never draw government attention. Because they will draw no attention, they will never be in a position to be threatened with prosecution. If Navegar retains its vitality, the only way the state residence law can be challenged in this Circuit is to engage in a forbidden transaction, exposing oneself to prosecution. Nevertheless, I must "faithfully apply" the principle enunciated in the Navegar line of cases, which are squarely on point.[3]

---

[2] In Ord v. District of Columbia, No. 08-7094 (D.C. Cir. Dec. 4, 2009), a panel of the D.C. Circuit upheld the standing of a police officer challenging firearm laws where a warrant had been issued for his arrest and others had been arrested for similar conduct. See Slip. Op. at 9-10. While Judge Brown criticized the Navegar standard in dissent, see id. at 19, the majority applied the existing standard without comment.

[3] Plaintiffs suggest that Fraternal Order of Police v. United States, 152 F.3d 998 (D.C. Cir. 1998), on reh'g, 173 F.3d 898 (D.C. Cir. 1999), is inconsistent with the Navegar line of cases. As the court explained, however, the plaintiff police officers in that case complained of an ongoing constitutional injury due to the conflict between local law enforcement duties and the federal law at issue. See Fraternal Order, 152 F.3d at

### 3. Venue-based argument

Before they filed here, Dearth and Hodgkins brought separate suits, in Ohio and Texas. See Pl. Resp. at 5. Venue was held improper in both locations.[4] See id. at 5-6. Plaintiffs suggest that defendant sought transfer in those cases to obtain the benefit of the D.C. Circuit's exacting standing requirements, and that this district was not an appropriate recipient venue because their lack of standing here means it is not a district "in which [the case] might have been brought," according to the requirements of the transfer statute. 28 U.S.C. § 1404(a); see also 28 U.S.C. § 1406(a). Plaintiffs suggest that this court should "sensibly confirm[] that inherent in any discretionary transfer here is the idea that jurisdiction cannot be destroyed." Pl. Resp. 25.

The argument is artful but unpersuasive. "There is no valid reason for reading the words 'where it might have been brought' to narrow the range of permissible federal forums beyond those permitted by federal venue statutes." Van Dusen v.

---

1001. Navegar and its progeny, as well as the present case, deal with the potential of prosecutions that could cause injury only in the future, if at all.

[4] Plaintiffs in each case asked for and were granted dismissal without prejudice rather than transfer so that they could appeal immediately. They did appeal, but neither appeal was successful. See Dearth v. Mukasey, 516 F.3d 413 (6th Cir. 2008) (holding appeal improper since the dismissal was voluntary); Hodgkins v. Mukasey, 271 F. App'x 412 (5th Cir. 2008) (same).

- 7 -

Barrack, 376 U.S. 612, 623 (1964); see also Carbonara v. Olmos, 1994 WL 61797, at *1 (N.D. Ill. Feb. 24, 1994) (holding that transfer to a district in which circuit law likely precluded standing was proper because the language of § 1404(a) "refers only to whether venue is proper and not a plaintiff's capacity to sue").

### B. Standing of SAF

SAF asserts both organizational and representational standing. Organizations can have standing on their own behalf when they have suffered injuries. See Warth v. Seldin, 422 U.S. 490, 511 (1975). However, SAF has not alleged any sufficient injury. It contends that the work it must do fielding questions from constituents about the laws at issue justifies standing, its voluntary act of teaching cannot plausibly be the basis for a claim of constitutional injury.

An association may sue on behalf of its members if (1) its members would otherwise have standing to sue in their own right, (2) the interests at stake are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the suit. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 181 (2000). SAF cannot meet the first requirement, because it has failed to allege that it has any members who are U.S. citizens residing abroad who

- 8 -

intend to purchase firearms domestically in violation of the laws at issue.

## Conclusion

For the reasons set forth above, no plaintiff has standing to challenge the provisions at issue. Accordingly, defendant's motion to dismiss will be granted. An appropriate order accompanies this memorandum.

JAMES ROBERTSON
United States District Judge

- 9 -