IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEPHEN DEARTH and SECOND AMENDMENT FOUNDATION, INC., )<br>)<br>)         Plaintiffs, )<br>)<br>v.                                              )<br>)<br>ERIC HOLDER, Attorney General of )<br>the United States,                     )<br>)<br>         Defendant.               )<br>) | Civil Action No. 1:09-cv-00587<br>Judge Robert L. Wilkins |

### DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Eric Holder, Attorney General of the United States ("Defendant"), answers Plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Court lacks subject matter jurisdiction over some or all of Plaintiffs' claims.

### THIRD DEFENSE

Plaintiff Second Amendment Foundation, Inc.'s claims are barred by collateral estoppel.

### FOURTH DEFENSE

Answering the individual allegations of Plaintiffs' Complaint, using the same paragraph numbering as is found in the Complaint, Defendant states as follows:

The paragraph found before the first numbered paragraph of the Complaint constitutes introductory material to which no response is required. To the extent a response is deemed required, it is denied.

## THE PARTIES

1. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

2. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

3. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

4. Denied, except to admit that Defendant Eric Holder is the Attorney General of the United States with the responsibilities of that office as set out in relevant legal authority.

## JURISDICTION AND VENUE

5. This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

6. This paragraph sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

## STATEMENT OF FACTS

7. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

8. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

9. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

10. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

11. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

12. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

13. Admitted.

14. Defendant respectfully refers the Court to the cited statute for a full and fair statement of its terms and otherwise denies the allegations of this paragraph.

15. Defendant respectfully refers the Court to the cited statutory and regulatory provisions for full and fair statements of their terms, and otherwise denies the allegations of this paragraph.

16. This paragraph consists of Plaintiffs' characterization of the effect of various legal provisions, to which no response is required. To the extent that a response is deemed required, the Court is respectfully referred to the cited legal provisions for a full and fair statement of their terms, and otherwise Defendant denies the allegations of this paragraph.

17. The first sentence of this paragraph consists of Plaintiffs' characterization of the effect of a regulation, to which no response is required. To the extent that a response is deemed required, the Court is respectfully referred to the cited regulation for a full and fair statement of its terms, and otherwise the allegations of this sentence are denied. As to the second sentence of

this paragraph, Defendant admits that the sentence quotes some of the language found in the referenced question and otherwise denies the allegations of this sentence.

18. This paragraph consists of a hypothetical factual conclusion, or a legal conclusion, to which no response is required. To the extent that a response is deemed required, the paragraph is denied.

19. The allegations of this paragraph consist of legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations of this paragraph are denied.

20. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

21. This paragraph consists of legal conclusions, to which no response is required. To the extent that a response is deemed required, Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

22. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

23. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

24. Defendant lacks knowledge or information sufficient to admit or deny the allegations of this paragraph.

FIRST CLAIM FOR RELIEF

25. Defendant incorporates his responses to Paragraphs 1 through 24.

26. The allegations of this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations of this paragraph are denied.

## SECOND CLAIM FOR RELIEF

27. Defendant incorporates his responses to Paragraphs 1 through 26.

28. The allegations of this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations of this paragraph are denied.

## THIRD CLAIM FOR RELIEF

29. Defendant incorporates his responses to Paragraphs 1 through 28.

30. The allegations of this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations of this paragraph are denied.

## FOURTH CLAIM FOR RELIEF

31. Defendant incorporates his responses to Paragraphs 1 through 30.

32. The allegations of this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations of this paragraph are denied.

## FIFTH CLAIM FOR RELIEF

33. Defendant incorporates his responses to Paragraphs 1 through 32.

34. This paragraph consists of a characterization of a U.S. Supreme Court opinion, to which no response is required. To the extent that a response is deemed required, the Court is

respectfully referred to the opinion for a full and fair statement of its contents and otherwise the allegations of this paragraph are denied.

35. The allegations of this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations of this paragraph are denied.

## SIXTH CLAIM FOR RELIEF

36. Defendant incorporates his responses to Paragraphs 1 through 35.

37. The allegations of this paragraph constitute legal conclusions, to which no response is required. To the extent that a response is deemed required, the allegations of this paragraph are denied.

## PRAYER FOR RELIEF

This part of Plaintiffs' Complaint sets forth Plaintiffs' request for relief, to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested or to any relief at all.

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation of Plaintiffs' Complaint.

Wherefore, having answered, Defendant respectfully requests that the Court enter judgment in his favor, award Defendant his costs, and provide such other relief as the Court deems just and proper.

Dated: June 20, 2011

Respectfully submitted,

TONY WEST
Assistant Attorney General

RONALD MACHEN
United States Attorney


    /s/ Daniel Riess
SANDRA M. SCHRAIBMAN
Assistant Director
DANIEL RIESS (Texas Bar No. 24037359)
Trial Attorney
U.S. Department of Justice
Civil Division, Rm. 6122
20 Massachusetts Avenue, NW
Washington, D.C. 20530
Telephone: (202) 353-3098
Fax: (202) 616-8460
Email: Daniel.Riess@usdoj.gov
*Attorneys for Defendant*