IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEPHEN DEARTH, et al.,** ) | Case No. 09-CV-0587-RLW |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | |
| **ERIC HOLDER, Attorney General of** ) | |
| **the United States, in his official capacity,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## JOINT SCHEDULING REPORT

In accordance with the Court's Minute Order dated July 27, 2011, and pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, the parties conferred on August 12, 2011, and hereby submit their joint scheduling report and joint proposed scheduling order.

1.   Preliminary Statement

Plaintiffs Stephen Dearth, an American citizen residing in Canada, and the Second Amendment Foundation, Inc., a Washington state 501(c)(3) membership organization, brought this lawsuit challenging the constitutionality of two statutory provisions and their implementing regulations. 18 U.S.C. § 922(b)(3) provides, in relevant part, that it is "unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector to sell or deliver . . . any firearm to any person who the licensee knows or has reasonable cause to believe does not reside in . . . the State in which the licensee's place of business is located." This provision does not apply to "the loan or rental of a firearm to any person for temporary use for lawful sporting purposes." 18 U.S.C. § 922(a)(9) makes it unlawful "for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, who does not reside in

1

any State to receive any firearms unless such receipt is for lawful sporting purposes." The challenged provisions, in combination with the definition of "State of residence" contained in the implementing regulations, 27 C.F.R. § 478.11, prevent expatriate U.S. citizens without a domestic residence from acquiring new firearms while visiting the United States, except for "the loan or rental of a firearm . . . for temporary use for lawful sporting purposes."

Plaintiffs assert that, as applied to U.S. citizens residing overseas who do not maintain a "State of residence," 18 U.S.C. §§ 922(a)(9) and (b)(3) and their implementing regulations violate the Second Amendment right to bear arms, and the Fifth Amendment rights to international travel and equal protection. Defendant Eric Holder, Attorney General of the United States, denies these claims, and asserts that Plaintiffs may only challenge these provisions and their implementing regulations as applied to Plaintiff Dearth.

The parties agree that this case presents solely questions of law, and should thus be determined on cross-dispositive motions without the need to engage in discovery. The parties have not taken any discovery to date.

2. The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

The parties do not anticipate amending the pleadings or adding parties at this time.

3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

The parties agree that the case should not be assigned to a magistrate for all purposes.

4. Whether there is a realistic possibility of settling the case.

The parties agree that there is no realistic possibility of settling the case.

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR).

The parties agree that this case would not benefit from ADR.

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

The parties agree that the case should be resolved by cross-dispositive motions for summary judgment and propose the following deadlines for briefing:

| | |
|---|---|
| Plaintiffs' Motion for Summary Judgment: | September 30, 2011 |
| Defendant's Opposition and Cross-Motion: | October 31, 2011 |
| Plaintiffs' Reply and Opposition: | December 2, 2011 |
| Defendant's Reply: | December 23, 2011 |

7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

The parties stipulate to dispense with the initial disclosures required by Rule 26(a)(1).

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

The parties do not plan to take discovery.

9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

The parties do not plan to utilize any experts.

10. In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings.

Not applicable.

11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

The parties agree that bifurcation is not necessary.

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

The parties agree that a trial will likely not be necessary in this case and that no pretrial conference should be set.

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

The parties agree that a trial will likely not be necessary in this case and that no pretrial conference should be set.

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None.

Dated: August 19, 2011					Respectfully submitted,

   /s/ Alan Gura
Alan Gura (D.C. Bar No. 453449)
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
703.835.9085/Fax 703.997.7665

*Attorney for Plaintiffs*


TONY WEST
Assistant Attorney General

RONALD C. MACHEN
United States Attorney

SANDRA M. SCHRAIBMAN
(D.C. Bar No. 188599)
Assistant Branch Director
U.S. Department of Justice
Civil Division, Federal Programs Branch

   /s/ Daniel Riess
DANIEL RIESS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6122
Washington, D.C. 20530
202.353.3098/Fax 202.616.8460

*Attorneys for Defendant*