IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHEN DEARTH, et al., | ) | Case No. 09-CV-587-RLW |
| | ) | |
| Plaintiffs, | ) | SEPARATE STATEMENT OF |
| | ) | UNDISPUTED MATERIAL |
| v. | ) | FACTS IN SUPPORT OF |
| | ) | PLAINTIFFS' MOTION FOR |
| ERIC HOLDER, | ) | SUMMARY JUDGMENT |
| | ) | |
| Defendant. | ) | |
| _____) | | |

SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

COME NOW THE Plaintiffs Stephen Dearth and the Second Amendment Foundation, Inc., by and through undersigned counsel, and submit their Separate Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment.

Dated: October 14, 2011            Respectfully submitted,

                                                     Alan Gura (D.C. Bar No. 453449)
                                                   Gura & Possessky, PLLC
                                                   101 N. Columbus Street, Suite 405
                                                   Alexandria, VA 22314
                                                   703.835.9085/Fax 703.997.7665

                                         By:  /s/Alan Gura_____
                                                   Alan Gura

                                                   Attorney for Plaintiffs

## SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

| | FACT | RECORD |
|---|---|---|
| 1. | Stephen Dearth is a natural born citizen of the United States and a resident of Canada. | 1. Dearth Decl., ¶ 1 |
| 2. | Stephen Dearth does not maintain a residence within the United States. | 2. Dearth Decl., ¶ 1 |
| 3. | Stephen Dearth is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to a child or an intimate partner. | 3. Dearth Decl., ¶ 2 |
| 4. | Dearth holds a valid Utah permit to publicly carry a handgun, which is recognized in numerous states. | 4. Dearth Decl., ¶ 2 |
| 5. | Dearth has many friends and relatives in the United States whom he enjoys visiting, and whom he intends to continue visiting on a regular basis. He also travels to the United States on business. | 5. Dearth Decl., ¶ 3 |
| 6. | Dearth intends to purchase firearms within the United States, which he would store securely at his relatives' home in Mount Vernon, Ohio, and which he would access for lawful sporting purposes as well as for other purposes, including self-defense, while visiting the United States. | 6. Dearth Decl., ¶ 3 |
| 7. | Unaware of the federal restrictions on firearms acquisition by expatriated Americans, Dearth attempted to buy a firearm within the United States on or about January 28, 2006. | 7. Dearth Decl., ¶ 4 |

| | | |
|---|---|---|
| 8. | In attempting to purchase a firearm, Dearth could not provide a response to Question 13 on Form 4473, and advised the dealer that he does not reside in any state. On account of Dearth's foreign residence and inability to answer Question 13, the transaction was terminated. | 8. Dearth Decl., ¶ 4 |
| 9. | Dearth subsequently spoke with an official at the Federal Bureau of Investigations, who confirmed that Dearth could not adequately complete Form 4473, and could not purchase a firearm on account of his lack of domestic residence. | 9. Dearth Decl., ¶ 4 |
| 10. | Dearth subsequently sought to purchase a firearm within the United States in June, 2007. Dearth truthfully advised the seller that he did not reside in any state, and on account of that fact, the transaction could not proceed. | 10. Dearth Decl., ¶ 5 |
| 11. | Dearth reasonably fears arrest, prosecution, incarceration and/or fine if he were to provide false state residence information on a Form 4473 in order to purchase a firearm, and cannot make a retail purchase of a firearm if he truthfully declines to provide a state of residence on a Form 4473. | 11. Dearth Decl., ¶ 6 |
| 12. | The enforcement of the federal restrictions on firearms acquisition by expatriated Americans is presently interfering with Dearth's efforts to acquire firearms for self-defense. | 12. Dearth Decl., ¶ 7 |
| 13. | Plaintiff Second Amendment Foundation, Inc. ("SAF"), is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 650,000 members and supporters nationwide. | 13. Versnel Decl., ¶ 2 |
| 14. | The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF's members and supporters are highly conscious of, and place great value upon, their various constitutional rights, including the right to keep and bear arms. | 14. Versnel Decl., ¶ 2 |

15. Many of SAF's members and supporters purchase firearms for traditional lawful purposes, including self-defense.                        15. Versnel Decl., ¶ 3

16. Many of SAF's members and supporters also enjoy overseas travel, and on occasion reside overseas for an indefinite amount of time, while still returning to the United States on visits during which they enjoy exercising their Second Amendment rights. For example, Stephen Dearth and Maxwell Hodgkins are SAF members.                        16. Versnel Decl., ¶ 4

17. Owing to SAF's mission, SAF's resources are taxed by inquiries into the operation and consequences of federal firearms restrictions based on residence and travel.                        17. Versnel Decl., ¶ 5