# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN DEARTH,<br>72 Red Willow Crescent<br>Winnipeg, MB R2J 4G4<br>Canada<br><br>and<br><br>SECOND AMENDMENT FOUNDATION, INC.<br>12500 N.E. 10th Place<br>Bellevue, WA 98005<br><br>Plaintiffs,<br><br>v.<br><br>ALBERTO GONZALES,<br>Attorney General of the United States<br>950 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20530-0001<br><br>and<br><br>GREGORY G. LOCKHART,<br>United States Attorney for the<br>Southern District of Ohio<br>303 Marconi Boulevard, Suite 200<br>Columbus, OH 43215<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2-06-CV-1012<br><br>Judge Frost<br>Magistrate Judge Abel |

**FIRST AMENDED COMPLAINT**

**COME NOW** the Plaintiffs, Stephen Dearth ("Mr. Dearth") and the Second Amendment Foundation, Inc. ("SAF") (collectively "Plaintiffs"), by and through undersigned counsel, and complain of the Defendants, Alberto Gonzales, in his capacity as Attorney General of the United States; and Gregory G. Lockhart, in his capacity as United States Attorney for the Southern

District of Ohio, ("Defendants"), as follows:

## THE PARTIES

1. Mr. Dearth is a natural born citizen of the United States and a resident of Canada. Mr. Dearth does not currently maintain a residence within the United States.

2. SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF has over 600,000 members and supporters nationwide, including thousands in Ohio. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right to privately own and possess firearms, and the consequences of gun control. SAF brings this action on behalf of itself and its members.

3. Defendant Alberto Gonzales is the Attorney General of the United States, and as such is responsible for executing and administering laws, customs, practices, and policies of the United States. In that capacity, Defendant is presently enforcing the unconstitutional laws, customs, practices and policies complained of in this action, and is sued in his official capacity.

4. Defendant Gregory G. Lockhart is the United States Attorney for the Southern District of Ohio, and as such is responsible for executing and administering laws, customs, practices, and policies of the United States within this judicial district. In that capacity, Defendant is presently enforcing the unconstitutional laws, customs, practices and policies complained of in this action, within this judicial district, and is sued in his official capacity.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, and 2202.

6. Venue lies in this Court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

7. Mr. Dearth was born and raised in Mount Vernon, Ohio, where he has many friends and family whom he enjoys visiting, and whom he intends to continue visiting on a regular basis.

8. Mr. Dearth legally owns firearms in Canada, but owing to Canadian law, cannot readily cross the Canada-United States border with said firearms. Mr. Dearth intends to purchase firearms within the United States, which he would store securely at his relatives' home in Mount Vernon, Ohio, and which he would access for lawful sporting purposes as well as for self-defense, collecting, and civic purposes, while visiting his friends and family in Ohio. Moreover, as the right to keep and bear arms is guaranteed to Mr. Dearth under the United States Constitution, Mr. Dearth may not be required to articulate any particular purpose for wishing to keep and bear arms.

9. Mr. Dearth is over the age of 21, is not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated a mental defective or committed to a mental institution, has not been discharged from the Armed Forces under dishonorable conditions, has never renounced his citizenship, and has never been the subject of a restraining order relating to an intimate partner.

10. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

11. Title 18, U.S.C. § 922(a)(9) provides: "It shall be unlawful – for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, who does not reside in any State to receive any firearms unless such receipt is for lawful sporting purposes." A violation of this section is punishable by fine and/or imprisonment of up to five years. 18 U.S.C. § 924(a)(1)(D). Title 27, CFR 478.29a provides: "No person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, who does not reside in any State shall receive any firearms unless such receipt is for lawful sporting purposes."

12. Title 27, CFR 478.11 provides, "An individual resides in a State if he or she is present in a State with the intention of making a home in that State."

13. Mr. Dearth and SAF reasonably fear that Mr. Dearth, and all similarly situated American citizens, would be arrested and criminally prosecuted under 18 U.S.C. § 922(a)(9) for receiving firearms for lawful, but non-sporting purposes, *e.g.* for self-defense, or for no particular purpose. Mr. Dearth would have received firearms in Ohio for non-sporting purposes, or for no particular purpose at all, but has refrained from doing so by compulsion of 18 U.S.C. § 922(a)(9).

14. Title 18, U.S.C. § 922(b)(3), and 27 CFR 478.96, 478.99, bar a firearms dealer from selling firearms to individuals who do not reside within the state in which the dealer's place of business is located. An exception to this prohibition allows a dealer to sell rifles and shotguns to residents of states where the dealer does not maintain a place of business, as long as the

4

transaction would be legal "in both states," that is, the purchaser's state, and the dealer's state. By operation of this section, otherwise qualified American citizens wishing to buy firearms cannot do so unless they maintain a residence within the United States.

15. All firearms purchasers within the United States who do not possess a Federal Firearms License, meaning, virtually all ordinary civilian consumers of firearms, must complete "Form 4473, Firearms Transaction Record Part I – Over-The-Counter, OMB 1140-0020," administered under Defendants' authority, in order to purchase a firearm. 27 CFR 478.124. Question 13 on Form 4473 provides, "What is your State of residence (*if any*)? _____"

16. If an American citizen otherwise fully qualified to buy a firearm cannot provide an answer to Question 13 on Form 4473, the transaction must be canceled. Defendants maintain an interactive web-page at http://www.atf.treas.gov/forms/4473/index.htm explaining a previous version of Form 4473, where question 13 appears as question 9. Clicking on question 9 in this interactive form opens a window with the following message: "9. If the buyer does not have a State of residence, the Federal firearms licensee should NOT contact the National Instant Criminal Background Check System or State Point of Contact and should stop the transaction."

17. Unaware of these laws, Mr. Dearth attempted to buy a firearm within the United States on or about January 28, 2006. However, he could not provide a response to Question 13 on Form 4473, and advised the dealer that he does not reside in any state. On account of Mr. Dearth's foreign residence and inability to answer Question 13, the transaction was terminated. Mr. Dearth subsequently spoke with an official at the Federal Bureau of Investigations, who confirmed that Dearth could not adequately complete Form 4473, and could not purchase a firearm on account of his lack of domestic residence.

5

18.  Accordingly, American citizens, including Mr. Dearth, who are otherwise fully qualified to purchase firearms legally, who may already lawfully possess firearms, and who can lawfully receive firearms (albeit for limited purposes), cannot lawfully purchase new firearms on account of their lack of residence within the United States. Title 28 U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124, as applied to Mr. Dearth and to similarly situated individuals, are presently causing said individuals injury in that they prevent presently-intended firearms purchases. Mr. Dearth would have purchased firearms in Ohio, but has refrained from doing so only because he cannot satisfy the demands of 18 U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124.

**FIRST CAUSE OF ACTION**
*U.S. CONST., AMEND. II – THE RIGHT TO KEEP AND BEAR ARMS*
*WITH RESPECT TO 18 U.S.C. § 922(a)(9) AND 27 CFR 478.29a*
*DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201, 2202*

19.  Paragraphs 1 through 18 are incorporated as though fully stated herein.

20.  Title 18, U.S.C. § 922(a)(9) and 27 CFR 478.29a , limiting the receipt of firearms by otherwise qualified American citizens solely on account of their residence status outside the United States, violate Plaintiffs' rights under the Second Amendment to the United States Constitution. By maintaining and enforcing these laws, Defendants are violating Plaintiffs' individual rights under the Second Amendment to the United States Constitution. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against enforcement of 18 U.S.C. § 922(a)(9) and 27 CFR 478.29a.

## SECOND CAUSE OF ACTION
*U.S. CONST., AMEND. II – THE RIGHT TO KEEP AND BEAR ARMS
WITH RESPECT TO 18 U.S.C. § 922(b)(3), 27 CFR 478.96, 478.99 and 478.124
DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201, 2202*

21. Paragraphs 1 through 20 are incorporated as though fully stated herein.

22. Title 18, U.S.C. § 922(b)(3), and 27 CFR 478.96, 478.99 and 478.124, as applied, banning the purchase of firearms by otherwise qualified American citizens solely on account of their residence status outside the United States, violate Plaintiffs' rights under the Second Amendment to the United States Constitution. By maintaining and enforcing these laws, Defendants are violating Plaintiffs' individual rights under the Second Amendment to the United States Constitution. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against enforcement of 18 U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124, to the extent these are applied in such a manner as to forbid American citizens who do not reside in any state from purchasing firearms.

## THIRD CAUSE OF ACTION
*U.S. CONST., AMEND. V – EQUAL PROTECTION
WITH RESPECT TO 18 U.S.C. § 922(a)(9) AND 27 CFR 478.29a
DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202*

23. Paragraphs 1 through 22 are incorporated as though fully stated herein.

24. Title 18, U.S.C. § 922(a)(9) and 27 CFR 478.29a, banning the receipt of firearms by otherwise qualified American citizens solely on account of their residence status outside the United States, violate Plaintiffs' rights to equal protection of the law under the Fifth Amendment to the United States Constitution. Plaintiffs are deprived of equal protection: (1) by virtue of the fact they are being discriminated against in their exercise of a constitutional right on account of residence status; (2) by virtue of the fact they are being discriminated against on account of

residence status irrespective of whether a constitutional right is at stake; and (3) by virtue of the fact that Section 922(a)(9) and 27 CFR 478.29a allow non-resident Americans to use pre-possessed firearms for all reasons, but forbid the receipt of firearms received after said Americans' relinquishment of domestic residence except for sporting purposes. By maintaining and enforcing these laws, Defendants are violating Plaintiffs' individual rights under the Fifth Amendment to the United States Constitution. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against enforcement of 18 U.S.C. § 922(a)(9) and 27 CFR 478.29a.

## FOURTH CAUSE OF ACTION
*U.S. CONST., AMEND. V – EQUAL PROTECTION*
*WITH RESPECT TO 18 U.S.C. § 922(b)(3), 27 CFR 478.96, 478.99 and 478.124*
*DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202*

25. Paragraphs 1 through 24 are incorporated as though fully stated herein.

26. Title 18, U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124, as applied, banning the purchase of firearms by otherwise qualified American citizens solely on account of their residence status outside the United States, violate Plaintiffs' rights to equal protection of the law under the Fifth Amendment to the United States Constitution. Plaintiffs are deprived of equal protection: (1) by virtue of the fact they are being discriminated against in their exercise of a constitutional right on account of residence status, and (2) by virtue of the fact they are being discriminated against on account of residence status irrespective of whether a constitutional right is at stake. By maintaining and enforcing this law, Defendants are violating Plaintiffs' individual rights under the Fifth Amendment to the United States Constitution. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against enforcement of 18 U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124, to the extent these are applied in such a manner as to forbid American citizens who do not reside in any state from purchasing firearms.

## FIFTH CAUSE OF ACTION
*U.S. CONST., AMEND. V– RIGHT TO TRAVEL
WITH RESPECT TO 18 U.S.C. § 922(a)(9) and 27 CFR 478.29a
DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202*

27. Paragraphs 1 through 26 are incorporated as though fully stated herein.

28. United States citizens enjoy a liberty interest in international travel protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. *See, e.g., Kent v. Dulles*, 357 U.S. 116 (1958).

29. Title 18, U.S.C. § 922(a)(9) and 27 CFR 478.29a, banning the receipt of firearms, for some purposes, by otherwise qualified American citizens, solely on account of said citizens' residence status outside the United States, violate Plaintiffs' right to international travel under the Fifth Amendment to the United States Constitution, as they burdens the exercise of this right with an inability to receive firearms for self-defense and other non-sporting purposes while visiting the United States. By maintaining and enforcing these laws, Defendants are violating Plaintiffs' individual rights under the Fifth Amendment to the United States Constitution. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against enforcement of 18 U.S.C. § 922(a)(9) and 27 CFR 478.29a.

## SIXTH CAUSE OF ACTION
*U.S. CONST., AMEND. V– RIGHT TO TRAVEL
WITH RESPECT TO 18 U.S.C. § 922(b)(3), 27 CFR 478.96, 478.99 and 478.124
DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201, 2202*

30. Paragraphs 1 through 29 are incorporated as though fully stated herein.

31. Title 18, U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124, as applied, banning the purchase of firearms by otherwise qualified American citizens solely on account of their residence status outside the United States, violate Plaintiffs' right to international travel

under the Fifth Amendment to the United States Constitution, as they burden the exercise of this right with an inability to purchase firearms while visiting the United States. By maintaining and enforcing these laws, Defendants are violating Plaintiffs' individual rights under the Fifth Amendment to the United States Constitution. Plaintiffs are therefore entitled to declaratory and permanent injunctive relief against enforcement of 18 U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124, to the extent these are applied in such a manner as to forbid American citizens who do not reside in any state from purchasing firearms.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered in their favor and against Defendants as follows:

ON THE FIRST, THIRD, AND FIFTH CAUSES OF ACTION:

1. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(a)(9) and 27 CFR 478.29a;

ON THE SECOND, FOURTH, AND SIXTH CAUSES OF ACTION:

2. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(b)(3) and 27 CFR 478.96, 478.99 and 478.124, in such a manner as to forbid American citizens who do not reside in any state from purchasing firearms.

ON ALL CAUSES OF ACTION:

3. Declaratory relief consistent with the injunction;

4. Attorney fees and costs of suit pursuant to 28 U.S.C. § 2412; and

5. Any other further relief as the Court deems just and appropriate.

Dated: February 1, 2007    Respectfully Submitted,

 s/Ryan D. Walters
Ryan D. Walters, Esq. (Ohio Bar No. 0076724)
Squire, Sanders & Dempsey L.L.P.
312 Walnut Street, Suite 3500
Cincinnati, OH 45202-4026
Tel: (513) 361-1200
Fax: (513) 361-1201
rwalters@ssd.com
*Trial Attorney*

 s/Alan Gura
Alan Gura, Esq.
Gura & Possessky, PLLC
101 N. Columbus Street, Suite 405
Alexandria, VA 22314
Tel: (703) 835-9085
Fax: (703) 997-7665
alan@gurapossessky.com

*Attorneys for Plaintiffs*