IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEPHEN DEARTH and SECOND AMENDMENT FOUNDATION, INC.,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**ERIC H. HOLDER, Jr., Attorney General of the United States,**<br><br>**Defendant.** | Case No. 09-cv-0587-RLW |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' STATEMENT
OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Civil Rule 7.1(h), Defendant submits this response to Plaintiffs' Statement of Undisputed Material Facts submitted with Plaintiffs' Motion for Summary Judgment.

Preliminarily, Defendant notes that this Statement is solely designed to respond to Plaintiffs' Statement of Undisputed Material Facts by identifying which of the factual grounds for Plaintiffs' motion are disputed. Defendant maintains its position that there are *no* genuine issues of material fact with respect to the grounds entitling Defendant to summary judgment.

1-10. Undisputed.

11. Undisputed that Plaintiff Dearth cannot purchase a firearm from a licensed firearms dealer in the United States if he declines to provide a State of residence on a Form 4473. The remainder of this Alleged Fact is a legal conclusion. Defendant respectfully refers the Court to 18 U.S.C. §§ 922(a)(6) and 924(a)(1)(A), which prohibit making false statements to licensed firearms dealers

        in connection with a firearms purchase.

12. This Alleged Fact consists solely of a legal conclusion, to which no response is required. For the reasons stated in Defendant's memorandum in support of his motion for summary judgment, Plaintiff has failed to allege facts sufficient to establish a cognizable claim under the Second Amendment. See Mem. Supp. Def. Combined Mot. for J. on the Pleadings or, in the Alternative, for Summ. J., and Opp. to Pl. Mot. for Summ. J. at Part I.

13. This Alleged Fact is immaterial because the Court has dismissed the claims of Plaintiff Second Amendment Foundation ("SAF") for lack of organizational standing, and SAF is barred by collateral estoppel from raising the jurisdictional issue of organizational standing. See Hodgkins v. Holder, 677 F. Supp. 2d 202, 206 (D.D.C. 2010); Dearth v. Holder, 641 F.3d 499, 503 n.* (D.C. Cir. 2011).

14. This Alleged Fact is immaterial because the Court has dismissed the claims of Plaintiff SAF for lack of organizational standing, and SAF is barred by collateral estoppel from raising the jurisdictional issue of organizational standing. See Hodgkins, 677 F. Supp. 2d at 206; Dearth, 641 F.3d at 503 n.*.

15. Without supporting facts, the assertion that "[m]any" of SAF's members and supporters allegedly purchase firearms is a conclusory assertion that does not satisfy Plaintiffs' burden under Fed. R. Civ. P. 56(c) to allege specific facts in support of their motion for summary judgment. See Ass'n of Flight Attendants v. U.S. Dep't of Transportation, 564 F.3d 462, 465-66 (D.C. Cir. 2009). Defendant also disagrees that this Alleged Fact is material because the Court has dismissed

the claims of Plaintiff SAF for lack of organizational standing, and SAF is barred by collateral estoppel from raising the jurisdictional issue of organizational standing. See <u>Hodgkins</u>, 677 F. Supp. 2d at 206; <u>Dearth</u>, 641 F.3d at 503 n.*.

16. Without supporting facts, the assertion that "[m]any" of SAF's members and supporters allegedly engage in the activities stated in this Alleged Fact is a conclusory assertion that does not satisfy Plaintiffs' burden under Fed. R. Civ. P. 56(c) to allege specific facts in support of their motion for summary judgment. <u>See</u> <u>Ass'n of Flight Attendants</u>, 564 F.3d at 465-66. Additionally, except for the fact that Stephen Dearth is an SAF member, this Alleged Fact is immaterial because the Court has dismissed the claims of Plaintiff SAF for lack of organizational standing, and SAF is barred by collateral estoppel from raising the jurisdictional issue of organizational standing. See <u>Hodgkins</u>, 677 F. Supp. 2d at 206; <u>Dearth</u>, 641 F.3d at 503 n.*. The fact that Maxwell Hodgkins is an SAF member is also immaterial because Mr. Hodgkins has dismissed his claims in this case and lacks standing to reassert those claims because he presently resides in the United States. <u>See</u> Br. of Plaintiffs-Appellants at 7-8, <u>Hodgkins v. Holder</u>, No. 10-5062 (D.C. Cir. July 29, 2010).

17. Without supporting facts, the assertion that "SAF's resources are taxed" by certain inquiries is a conclusory assertion that does not satisfy Plaintiffs' burden under Fed. R. Civ. P. 56(c) to allege specific facts in support of their motion for summary judgment. See <u>Ass'n of Flight Attendants</u>, 564 F.3d at 465-66. This Alleged Fact is immaterial because the Court has dismissed the claims of Plaintiff

SAF for lack of organizational standing, and SAF is barred by collateral estoppel from raising the jurisdictional issue of organizational standing.  See Hodgkins, 677 F. Supp. 2d at 206; Dearth, 641 F.3d at 503 n.*

Dated: November 21, 2011

Respectfully Submitted,

TONY WEST
Assistant Attorney General

RONALD C. MACHEN
United States Attorney

SANDRA M. SCHRAIBMAN
Assistant Branch Director
U.S. Department of Justice
Civil Division, Federal Programs Branch

  /s/ Daniel Riess
DANIEL RIESS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6122
Washington, D.C. 20530
(202) 353-3098
Daniel.Riess@usdoj.gov

*Attorneys for Defendant*