IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEPHEN DEARTH and SECOND AMENDMENT FOUNDATION, INC.,**<br><br>**Plaintiffs,**<br><br>vs.<br><br>**ERIC H. HOLDER, Jr., Attorney General of the United States,**<br><br>**Defendant.** | Case No. 09-cv-0587-RLW |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant hereby respectfully brings to the Court's attention a recent appellate decision, United States v. Decastro, __ F.3d __, 2012 WL 1959072 (2d Cir. June 1, 2012), a copy of which is attached as an exhibit to this Notice. In Decastro, the Second Circuit rejected a Second Amendment challenge to 18 U.S.C. § 922(a)(3), which (subject to certain exceptions) prohibits anyone other than a licensed importer, manufacturer, dealer or collector from transporting into his State of residence a firearm purchased or obtained outside that State. The Second Circuit held that "heightened scrutiny is appropriate only as to those regulations that substantially burden the Second Amendment. Because § 922(a)(3) only minimally affects the ability to acquire a firearm, it is not subject to any form of heightened scrutiny." Decastro, 2012 WL 1959072, at *4. Citing District of Columbia v. Heller, 554 U.S. 570 (2008), the court explained:

> Given Heller's emphasis on the weight of the burden imposed by the D.C. gun laws, we do not read the case to mandate that any marginal, incremental or even appreciable restraint on the right to keep and bear arms be subject to heightened scrutiny. Rather, heightened scrutiny is triggered only by those restrictions that (like the complete prohibition on handguns struck down in Heller) operate as a substantial burden on the ability of law-abiding citizens to possess and use a firearm for self-defense (or for other lawful purposes).

Decastro, 2012 WL 1959072, at *5.  Finally, noting that "law that regulates the availability of firearms is not a substantial burden on the right to keep and bear arms if adequate alternatives remain for law-abiding citizens to acquire a firearm for self-defense," the Second Circuit concluded: "In light of the ample alternative means of acquiring firearms for self-defense purposes, § 922(a)(3) does not impose a substantial burden on the exercise of Decastro's Second Amendment rights." Id. at *6.

As explained in Defendant's prior briefs, Plaintiff Dearth has available to him adequate alternative means to acquire a firearm for self-defense purposes.  See Mem. Supp. Mot. for J. on the Pleadings or for Summ. J. at 22 n.22, 23-26 [Doc. No. 25]; Reply Supp. Mot. for J. on the Pleadings or for Summ. J. at 9-12 [Doc. No. 33].  Accordingly, the laws challenged by Plaintiff Dearth, 18 U.S.C. §§ 922(a)(9) and 922(b)(3), do not impose a substantial burden on the exercise of Plaintiff Dearth's Second Amendment rights.  The Court should therefore grant Defendant's motion for judgment on the pleadings or, in the alternative, for summary judgment with respect to Plaintiff Dearth's Second Amendment claim.

Dated: June 5, 2012

Respectfully Submitted,

STUART F. DELERY
Acting Assistant Attorney General

RONALD C. MACHEN
United States Attorney

SANDRA M. SCHRAIBMAN
(D.C. Bar No. 188599)
Assistant Branch Director
U.S. Department of Justice
Civil Division, Federal Programs Branch

  /s/ Daniel Riess
DANIEL RIESS
Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6122
Washington, D.C. 20530
(202) 353-3098
Daniel.Riess@usdoj.gov

*Attorneys for Defendant*