IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHEN DEARTH, et al., | ) | Case No. 09-CV-0587-RLW |
| | ) | |
| Plaintiffs, | ) | NOTICE OF SUPPLEMENTAL |
| | ) | AUTHORITY |
| v. | ) | |
| | ) | |
| ERIC HOLDER, | ) | |
| | ) | |
| Defendant. | ) | |

<u>NOTICE OF SUPPLEMENTAL AUTHORITY</u>

PLEASE TAKE NOTICE that the United States District Court for the Northern District of Illinois has decided *Gowder* v. *City of Chicago*, No. 11-C-1304, 2012 U.S. Dist. LEXIS 84359 (N.D. Ill. June 19, 2012).

In *Gowder*, the Court struck down as unconstitutional Chi. Mun. Code § 8-20-110(b)(iii), which provided that "[n]o [Chicago Firearm Permit] application shall be approved unless the applicant . . . has not been convicted by a court in any jurisdiction of . . . an unlawful use of a weapon that is a firearm." *Gowder*, at *3 (citing ordinance).

The Court held that the phrase "unlawful use of a weapon" was void for vagueness, but also held that the firearms disability violated the Second Amendment under a "text, history and tradition" test, strict scrutiny, and intermediate scrutiny.

Although "text, history and tradition" is not understood to be a discreetly operative test in this circuit, the D.C. Circuit and the Supreme Court both acknowledge that laws contravening a specific guarantee of the Second Amendment (like any laws purporting to directly contravene a constitutional guarantee) are invalid. *Parker* v. *District of Columbia*, 478 F.3d 370 (D.C. Cir. 2007), *aff'd sub nom District of Columbia* v. *Heller*, 554 U.S. 570 (2008) (striking down District

functional firearms ban as contravening Second Amendment's self-defense guarantee). Prohibiting law-abiding citizens' acquisition of firearms for self-defense, as 18 U.S.C. § 922(a)(9) does, is likelwise flatly inconsistent with the right to bear arms as historically understood in this country and, more to the point, as interpreted by the D.C. Circuit and Supreme Court. Pl. Brief, Dkt. 23-1, at 8-12.

*Gowder*'s "text, history and tradition" analysis is in accord, finding that the Second Amendment is incompatible with a municipal ordinance that would disarm individuals for non-violent and non-dangerous misdemeanor offenses—in *Gowder*'s case, mere possession of a firearm:

> any attempt to dilute or restrict a core constitutional right with justifications that do not have a basis in history and tradition is inherently suspect. Section (b)(3)(iii) of the Chicago Firearm Ordinance, lacking textual, historical, or traditional justification, infringes upon a core right afforded by the Second Amendment.

*Gowder*, at *33.

*Gowder*'s strict and intermediate scrutiny analyses are also instructive. The Court applied strict scrutiny, because the challenged provision effected a total prohibition on Gowder's right to keep arms in his Chicago home. *Id.* at *37. Just as the government here tells Dearth that he can avoid the disability by re-establishing domestic residence, Gowder could have avoided Chicago's unusual prohibition by moving to the suburbs. But this prospect did not enter the Court's analysis.

In the alternative, under intermediate scrutiny, *Gowder* found that "the City of Chicago has not pointed to sufficiently detailed evidence to show an increased likelihood of future gun violence by those convicted of non-violent misdemeanor firearm offenses." *Gowder*, at *40.

Likewise, here, the government has not proffered any evidence suggesting that a lack of domestic residence causes otherwise law-abiding Americans who want guns for self-defense to engage in gun smuggling. Indeed, the government has not demonstrated any relationship at all between residence and smuggling, or self-defense and smuggling.

Dated: July 9, 2012   Respectfully submitted,

                                          Alan Gura (D.C. Bar No. 453449)
                                          Gura & Possessky, PLLC
                                          101 N. Columbus Street, Suite 405
                                          Alexandria, VA 22314
                                          703.835.9085/Fax 703.997.7665

By: /s/Alan Gura
      Alan Gura

Attorney for Plaintiffs