IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **STEPHEN DEARTH and SECOND AMENDMENT FOUNDATION, INC.,**<br><br>   **Plaintiffs,**<br><br>   vs.<br><br>**ERIC H. HOLDER, Jr., Attorney General of the United States,**<br><br>   **Defendant.** | **Case No. 09-cv-0587-RLW** |

**DEFENDANT'S RESPONSE TO PLAINTIFFS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant hereby submits his response to Plaintiffs' Notice of Supplemental Authority [ECF No. 37].

1.  Plaintiffs cite as supplemental authority a recent unpublished decision from the Northern District of Illinois, Gowder v. City of Chicago, 2012 WL 2325826 (N.D. Ill. June 19, 2012).  The court in that case held a Chicago firearms ordinance to be unconstitutionally void for vagueness.  Id. at *2-4.  Although it acknowledged that "[g]enerally, once the court finds an ordinance unconstitutionally vague, the court need not consider whether the ordinance withstands Second Amendment scrutiny," id. at *4, the court nevertheless considered the "text, history and tradition analysis" specifically rejected by the D.C. Circuit in Heller v. District of Columbia ("Heller II"), 670 F.3d 1244 (D.C. Cir. 2011), to be instructive.  Gowder, 2012 WL 2325826, at *6-7.  The court ruled in the alternative that the ordinance did not satisfy strict or intermediate scrutiny.  Id. at *11-13.  Gowder does not provide support for Plaintiffs here.  Not only is Gowder an unpublished district court opinion from a different circuit but, as explained further

below, its key legal conclusions cannot be reconciled with the D.C. Circuit's Heller II decision.

  2. Plaintiffs' observation that "'text, history and tradition' is not understood to be a discreetly operative test in this circuit" in cases applying the Second Amendment, Pl. Notice at 1, is a considerable understatement.  The D.C. Circuit has emphatically rejected such an approach.  See Heller II, 670 F.3d at 1266 ("The Court in [District of Columbia v. Heller, 554 U.S. 570 (2008)] said certain 'longstanding' regulations are 'presumptively lawful,' 554 U.S. at 626-27 & n.26, but it nowhere suggested, nor does it follow logically, that a regulation must be longstanding or 'rooted in text, history, and tradition' in order to be constitutional.") (internal citation truncated); id. at 1267 ("[W]e think it clear Heller did not announce the 'up-front' test applicable to all Second Amendment cases that our dissenting colleague goes to great lengths to 'divine' from that opinion."); id. at 1265 ("If the Supreme Court truly intended to rule out any form of heightened scrutiny for all Second Amendment cases, then it surely would have said at least something to that effect.  The Court did not say anything of the sort; the plaintiffs in this case do not suggest it did; and the idea that Heller precludes heightened scrutiny has eluded every circuit to have addressed that question since Heller was issued.").

  3. Additionally, contrary to Plaintiffs' contention, Gowder's strict scrutiny analysis is not "instructive" here.  Pl. Notice at 2.  The district court in Gowder explained that it would apply strict scrutiny to the city ordinance under review because it "completely and directly bars certain citizens . . . from exercising their Second Amendment right to protect themselves in their homes."  Id. at *12.  Because Plaintiff Dearth does not maintain a home in the United States, and because the laws under review here do not bar him from exercising his Second Amendment rights when he visits the United States, Gowder's discussion is not on point.

4.      Plaintiffs incorrectly contend that 18 U.S.C. § 922(a)(9) prohibits law-abiding citizens from acquiring arms for the purpose of self-defense.  Pl. Notice at 2.  See Mem. Supp. Def. Mot. for Summ. J. [ECF No. 25] at 6-7, 33 ("Def. Mem."); Reply Br. Supp. Def. Mot. for Summ. J. [ECF No. 33] at 10-11, 14 ("Def. Reply").

5.      Finally, Plaintiffs err by suggesting that an intermediate scrutiny analysis would require Defendant to show "that a lack of domestic residence *causes* otherwise law-abiding Americans who want guns for self-defense to engage in gun smuggling."  Pl. Notice at 3 (emphasis added).  But even Gowder does not purport to adopt any new "causation" requirement for intermediate scrutiny analysis; instead, it states only that as applied to Second Amendment challenges, intermediate scrutiny requires a showing that the challenged law is "substantially *related* to an important government objective."  Gowder, 2012 WL 2325826, at *13 (emphasis added) (citation omitted).  Defendant has demonstrated that as applied to Plaintiff Dearth, 18 U.S.C. §§ 922(a)(9) and (b)(3) relate substantially to the important government objectives of preserving public safety and combating violent crime.  See Def. Mem. at 27-34; Def. Reply at 18-30.

Dated: August 8, 2012                                    Respectfully Submitted,

                                                          STUART F. DELERY
                                                          Acting Assistant Attorney General

                                                          RONALD C. MACHEN
                                                          United States Attorney

                                                          SANDRA M. SCHRAIBMAN
                                                          (D.C. Bar No. 188599)
                                                          Assistant Branch Director
                                                          U.S. Department of Justice
                                                          Civil Division, Federal Programs Branch

   /s/ Daniel Riess
DANIEL RIESS
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW, Room 6122
Washington, D.C. 20530
(202) 353-3098
Daniel.Riess@usdoj.gov

*Attorneys for Defendant*