IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| STEPHEN DEARTH, et al., | ) | Case No. 09-CV-0587-RLW |
| | ) | |
| Plaintiffs, | ) | RESPONSE TO NOTICE OF |
| | ) | SUPPLEMENTAL AUTHORITY |
| v. | ) | |
| | ) | |
| ERIC HOLDER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant invokes the First Circuit's recent decision in *Hightower* v. *City of Boston*, __ F.3d __, 2012 WL 3734352 (1st Cir. Aug. 30, 2012), for the proposition that the First Circuit "rejected the contention that a facial challenge to a state firearms statute under the Second Amendment could be premised on the overbreadth doctrine." Def. Suppl. Authority, 8/31/12.

Defendant's assertion is technically true but incomplete. *Hightower* also endorsed a relaxed standard for basic Second Amendment facial challenges. With respect to overbreadth, *Hightower* not only contradicts Supreme Court precedent, but acknowledged distinction from cases involving, as this one does, the right of international travel. *Hightower* merits more discussion than that offered by Defendant's citation.

Courts acknowledge two forms of facial challenges: a standard facial challenge that looks to a law's general applicability, and one described as based on concerns of overbreadth. *See, e.g. Wash. State Grange* v. *Wash. State Republican Party*, 552 U.S. 442, 449-50 & n.6 (2008); *United States* v. *Stevens*, 130 S. Ct. 1577, 1587 (2010). Each is addressed in turn.

The standard employed under the first type of facial challenge has been in some dispute. The Supreme Court once suggested that a facial challenge would fail unless it could be shown that under

"no set of circumstances" could the challenged statute be constitutional. *United States* v. *Salerno*, 481 U.S. 739, 745 (1987). But at other times, the Supreme Court has required only that laws have "a plainly legitimate sweep," *Wash. State Grange*, 552 U.S. at 450—a more permissive standard. *See, e.g. Washington* v. *Glucksberg*, 521 U.S. 702, 739-40 & n.7 (1997) (Stevens, J., concurring in judgment) ("I do not believe the Court has ever actually applied such a strict standard, even in *Salerno* itself"); *Stevens*, 130 S. Ct. at 1587 (noting neither standard is rooted in the First Amendment) (citations omitted).

By its terms, *Salerno* never governed First Amendment cases. *Salerno*, 481 U.S. at 745. Nor did it apply in abortion cases, where laws were deemed facially invalid where they imposed undue burdens on abortion access—not in *all* cases, but "in a large fraction of the cases." *Planned Parenthood of Southeastern Pa.* v. *Casey*, 505 U.S. 833, 895 (1992). Plaintiffs submit that the Supreme Court's latest word on the subject, in *Stevens*, settles the question, confirming that *Salerno* does not impose an exclusive rule to which there are occasional exceptions (First Amendment, abortion, etc.), but rather, that the *Grange* standard is available as well. *Stevens*, 130 S. Ct. at 1587.

The First Circuit appears to agree with this much of Plaintiffs' approach:

> We have explained in a case raising a facial challenge under the Second Amendment that the challenge "must fail if we determine that the statute 'has a plainly legitimate sweep,'" without addressing whether that formulation or the *Salerno* formulation is controlling. *United States* v. *Booker*, 644 F.3d 12, 22 (1st Cir.2011) [quoting *Grange*]. . . . We have also noted that the "plainly legitimate sweep" language is a "refinement" of the *Salerno* formulation. *McCullen* v. *Coakley*, 571 F.3d 167, 174 (1st Cir.2009). We do not resolve this issue here.

*Hightower*, at n.13, Dkt. 39-1 at 28.

Accordingly, the First Circuit held that "[f]or Hightower's facial attack to succeed, Hightower 'would have to establish ... that the statute lacks any 'plainly legitimate sweep.'" *Id*. at

17, 2012 WL 3734352 at *11 (quoting *Stevens*, 130 S. Ct. at 1587; *Glucksberg*, 521 U.S. at 740 n.7 (Stevens, J., concurring in the judgment)).

Plaintiffs would argue that while *Hightower* described this standard correctly, it misapplied it on the facts of that case.[1] But that is neither here nor there for present purposes. If *Hightower* is to be followed on the issue of facial challenges, its first point is that the standard is "plainly legitimate sweep," not "no set of circumstances." And on that score, *Hightower* is consistent with the decisions of the Second, Fourth, and Seventh Circuits.

As discussed previously by Plaintiffs, the Second Circuit's recent decision in *United States v. Decastro*, 682 F.3d 160 (2d Cir. 2012) adopted the "plainly legitimate sweep" test in Second Amendment cases. *Decastro*, 682 F.3d at 168-69 (citing *Grange*). When a Fourth Circuit panel majority expressly adopted First Amendment doctrines as a framework for examining Second Amendment rights, *United States v. Chester*, 628 F.3d 673, 682 (4th Cir. 2010), one judge dissented specifically out of a desire to impose *Salerno* in Second Amendment cases. *Id*. at 687-88 (Davis, J., concurring in judgment). Clearly the argument did not carry the majority. The Seventh Circuit's recent decision in *Ezell v. City of Chicago*, 651 F.3d 684 (7th Cir. 2011) explained in greater detail the *Salerno* standard's limited utility and lack of applicability to overbreadth claims, questioning its use in that Second Amendment case. *Ezell*, 651 F.3d at 697-99.

Section 922(a)(9) bars the acquisition of all firearms by non-residents for the purpose of self-defense. This provision not only lacks a "plainly legitimate sweep"—it lacks any legitimate application. It would fail the first form of facial challenge described in *Hightower*.

---

[1] *Hightower* challenged a law allowing only "suitable" people, as determined at the sole discretion of the police chief, to have a firearms permit. While this provision could be used to disarm dangerous individuals, that could be said of any arbitrary or even random process.

The second apparent form of facial challenge allows that "a law may be overturned as impermissibly overbroad because a 'substantial number' of its applications are unconstitutional, 'judged in relation to the statute's plainly legitimate sweep.'" *Grange*, 552 U.S. at 450 n.6 (citation omitted); *Ezell*, 651 F.3d at 698 n.8. It is this second form of facial challenge that *Hightower* apparently rejected for the Second Amendment. *Hightower*, 2012 WL 3734352 at *14, Dkt. 39-1 at 20.

*Hightower* here quoted at length from *Sabri* v. *United States*, 541 U.S. 600 (2004), wherein the Supreme Court offered that overbreadth challenges are disfavored and thus limited to "relatively few settings, and, generally, on the strength of specific reasons weighty enough to overcome our well-founded reticence." *Id.* (quoting *Sabri*, 541 U.S. at 609-10). Examples of such settings were then offered, including "free speech, *right to travel*, abortion [and] legislation under § 5 of the Fourteenth Amendment.... Outside these limited settings, and absent a good reason, we do not extend an invitation to bring overbreadth claims." *Id.* (citations and internal parentheses omitted) (emphasis added). For "right to travel," *Sabri* and, in turn, *Hightower*, cited *Aptheker* v. *Sec'y of State*, 378 U.S. 500 (1964).

On the basis of *Sabri*, *Hightower* denied application of overbreadth to the Second Amendment, and further claimed, erroneously (see discussion infra) that other courts agreed with the proposition. Alas, the "good reason" for extending overbreadth protection to the Second Amendment is now obvious: it is a fundamental right. *McDonald* v. *City of Chicago*, 130 S. Ct. 3020 (2010). To the extent the First Circuit explicitly and without discussion held that the Second Amendment is to receive less favorable treatment than other fundamental rights, including rights that are not even enumerated, it contradicts *McDonald*. *See* 130 S. Ct. at 3045; *Valley Forge Christian Coll.* v. *Ams.*

4

*United for Separation of Church and State, Inc.*, 454 U.S. 464, 484 (1982) ("[W]e know of no principled basis on which to create a hierarchy of constitutional values.").

As for *Hightower*'s claim that its finding is "joined by every court to have expressly considered the issue," Dkt. 39-1 at 20-21, 2012 WL 3734352 at *15, that too appears overstated. The court's first two citations are to *Decastro* and the case it followed on overbreadth, *United States* v. *Masciandaro*, 638 F.3d 458 (4th Cir. 2011). But *Masciandaro* offered that it denied the overbreadth claim "[w]ithout entertaining the novel notion that an overbreath challenge could be recognized 'outside the limited context of the First Amendment,'" *Masciandaro*, at 474 (citing *Salerno*)—a notion that, per *Sabri*, is not novel at all—because the law was properly applied to the defendant in that case. *Decastro* adopted the same reasoning. Neither court "expressly considered the issue," but rather, failed to reach it at all.

Of course, even were *Hightower* correct with respect to the overbreadth doctrine in the Second Amendment context, it quoted Supreme Court language approving of overbreadth challenges under the right to international travel—and Plaintiffs here assert a facial challenge to Section 922(a)(9) under the right to international travel as well as under the Second Amendment.

In sum, *Hightower* confirms the relaxed "plainly legitimate sweep" general standard for Second Amendment facial challenges. It rejects Second Amendment overbreadth claims on dubious and unexamined grounds, but confirms these for right to travel cases—such as this one. And with respect to any form of challenge to Section 922(a)(9), the government has still not come forward with any legitimate reason to deny non-residents arms for their defense, however else it might regulate the possession of firearms by nonresidents.

Dated: September 7, 2012	Respectfully submitted,

                                      Alan Gura (D.C. Bar No. 453449)
                                      Gura & Possessky, PLLC
                                      101 N. Columbus Street, Suite 405
                                      Alexandria, VA 22314
                                      703.835.9085/Fax 703.997.7665

                       By:  /s/Alan Gura
                                      Alan Gura

                                      Attorney for Plaintiffs